In re Oswald M. BRADLEY and Carol L. Bradley, co-partners t/a Bradley Brothers Cleaners and Launderers, Debtor.

J. F. BATTE & SONS OF RICHMOND, INC. and Ned M. Grossberg t/a Medical Science Associates, Plaintiff,

v.

Oswald M. BRADLEY and Carol L. Bradley, co-partners t/a Bradley Brothers Cleaners and Launderers, Defendant.

Bankruptcy Nos. 79–01623, 80–0006.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

March 27, 1980.

**314**

Oakley J. Graham, Jr., Richmond, Va., for J. F. Batte & Sons of Richmond, Inc., et al.

Robert D. Shrader, Jr., Steingold & Steingold, Richmond, Va., for debtor.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

On December 28, 1979, Oswald M. Bradley and Carol L. Bradley, co-partners, t/a Bradley Brothers Cleaners and Launderers (Bradley) filed a petition for reorganization under Chapter 11 of Title 11 U.S.C. (Bankruptcy Code). On January 30, 1980, this adversary proceeding was commenced by the Plaintiffs filing a complaint under 11 U.S.C. § 362(d) for relief from the stay imposed by 11 U.S.C. § 362(a). Summons and notice of a preliminary hearing was issued on February 1, 1980 directing that an answer be filed by February 15, 1980 and setting the preliminary hearing for February 25, 1980. No answer has been filed in response to the complaint and on February 25, the date set for the preliminary hearing, counsel for Bradley requested a continuance. For cause shown and over the objection of the Plaintiffs, the Court granted a continuance and at the same time consolidated the preliminary hearing with the final hearing and scheduled the same for March 11, 1980. The consolidated hearing was held and upon the complaint filed, testimony of the witnesses and argument of counsel, the Court makes the following determination.

### STATEMENT OF THE FACTS

The relief from stay requested by the Plaintiffs is to allow it to proceed in the appropriate courts in the Commonwealth of Virginia to protect the Plaintiffs' interest in real estate known as 2920, 2924 and 2930 West Broad Street, Richmond, Virginia. The Plaintiffs acquired the property at a public auction foreclosure sale conducted on July 26, 1978 by the substitute trustee under a deed of trust. The Plaintiffs made settlement with the substitute trustee on August 31, 1978 and received the trustee's deed to the aforesaid property on September 1, 1978. The Bradleys occupied a portion of the said real estate and resisted efforts by the Plaintiffs to vacate the premises. On September 21, 1978 the Plaintiffs commenced an action in unlawful detainer against the Bradleys in the General District Court of the City of Richmond. Upon a verdict being rendered in favor of the Plaintiffs, the Bradleys appealed the matter to the Circuit Court of the City of Richmond. A number of hearings ensued in the Circuit Court of the City of Richmond dealing with the increasing and decreasing of

the bond requirements imposed upon the Bradleys on their appeal from the General District Court to the Circuit Court in the unlawful detainer action. During the course of those proceedings in argument on the amount of the appeal bond, the parties entered into an agreement by which the Bradleys were to pay to the Plaintiffs $866 per month for the use of the Broad Street property. Said rent payments were never made. On January 26, 1979 during the pendency of the appeal of the unlawful detainer action to the Circuit Court of the City of Richmond, the Bradleys filed an equity action in that court seeking to set aside the trustee's sale under the deed of trust and thereby deprive the Plaintiffs of ownership of the property. The proceedings in the unlawful detainer action were stayed pending the outcome of the Defendants' suit against the Plaintiffs to set aside the Plaintiffs' title to the real estate. On October 3, 1979, the Circuit Court of the City of Richmond in the equity suit brought by the Bradleys against the Plaintiffs herein and the substitute trustee under the foreclosure deed of trust, denied the relief prayed for by the Bradleys and dismissed that suit with prejudice. On October 25, 1979, the Circuit Court of the City of Richmond lifted the stay of the proceedings involved in the unlawful detainer action brought by the Plaintiffs against the Bradleys and ordered that the Plaintiffs recover from the Bradleys possession of the premises aforesaid. The Court also rendered judgment in the amount of $20,500 and ordered execution of that order be suspended for a period of three months and thereafter to allow the Bradleys to perfect an appeal to the Supreme Court of Virginia upon the Bradleys giving bond in the sum of $50,000 within fifteen days from the entry of the order. The bond has not been posted. The Bradleys have filed a petition for appeal in the Supreme Court of Virginia. The Plaintiffs herein on November 16, 1979 requested the Clerk's Office of the Circuit Court of the City of Richmond to issue a writ of execution, returnable February 14, 1980, against the Defendants and their surety for the $20,500 judgment. On November 14, 1979 Plaintiffs also obtained a writ of possession for the premises which was served upon the Bradleys and pursuant to said service a request to voluntarily vacate the premises was made; however, the Bradleys declined and still occupy said premises. The petition under Chapter 11 was filed November 27, 1979 and all proceedings have been stayed pursuant to 11 U.S.C. § 362(a) and the Plaintiffs followed with the request for relief under subparagraph (d) of said section.

## CONCLUSIONS OF LAW

11 U.S.C. § 362(d) of the Bankruptcy Act provides that the Court shall grant relief from the stay provided under subsection (a) of said section by either terminating, annulling, modifying or conditioning the stay *for cause.* Cause includes lack of adequate protection of an interest in the property of a party in interest. 11 U.S.C. § 362(g) allocates the burden of proof as follows:

"(g) In any hearing under subsection (d) or (e) of this section concerning relief from stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

Therefore, pursuant to subsection (g)(2) *supra*, the Bradleys must demonstrate to the Court that the Plaintiffs have adequate protection of their interest in the Broad Street property. 11 U.S.C. § 361 provides three non-exclusive methods by which an entity may be adequately protected. It states:

"When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this

title results in a decrease in the value of such entity's interest in such property; or

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property."

The Bradleys have made no offer and produced no evidence at any hearing in this proceeding that would effect adequate protection for the Plaintiffs. Nor is it likely that they are able to do so. First, the Bradleys offered no evidence to indicate that they are financially able to make periodic cash payments to the Plaintiffs pursuant to § 361(1), in fact the contrary is true as the evidence is that they have not made their rental payments pursuant to the agreement to do so entered into during the course of the proceeding in the state courts. Secondly, the Bradleys are not vested with ownership of the subject real property and consequently are not able to effect a security interest in that property to provide adequate security to the Plaintiffs. Nor have they offered any other security.

Finally, the Bradleys have offered no other relief that would be the "indubitable equivalent" of the Plaintiffs' interest in the Broad Street property. They have failed to comply with the bond requirements that would have stayed the state court proceedings. Had it been posted it could have been reasonably argued here that the Plaintiffs were adequately protected. The bond is generally required to protect the prevailing party against the possibility of loss during the appeal period. As indicated, no bond was posted for the appeal to the Virginia Supreme Court. Without the bond no adequate protection existed in the state court proceeding. Likewise there exists no adequate protection here. The Plaintiffs were not stayed from enforcing its judgment in the state courts due to the failure of the Defendants to file the appeal bond, nor should they be stayed here. The Plaintiffs have shown sufficient cause to grant relief and the Bradleys have failed to establish any indicia of adequate protection.