**In re Ernest Jerome MOORE, Audrey Faye Moore, Debtors.**

**NATIONAL INSTITUTES OF HEALTH FEDERAL CREDIT UNION, Plaintiff,**

**v.**

**Ernest Jerome MOORE, Audrey Faye Moore, and Gregory M. Wilson, Esq. Trustee, Defendants.**

**Bankruptcy No. 80–10300.**

**Adversary Proceeding No. 80–0111.**

United States Bankruptcy Court, D. Maryland.

Aug. 11, 1980.

John W. Days, Silver Spring, Md., for defendants.

Stephen J. Orens, Rockville, Md., for plaintiff.

Gregory M. Wilson, Laurel, Md., Trustee.

FINDINGS OF FACT AND CONCLU-SIONS OF LAW ON COMPLAINT OF NATIONAL INSTITUTES OF HEALTH FEDERAL CREDIT UNION TO LIFT STAY

## FINDINGS OF FACT

GLENN J. GOLDBURN, Bankruptcy Judge.

The debtors own a parcel of real property in Montgomery County, Maryland which is encumbered by three deeds of trust totalling approximately $139,000.00. They defaulted on their obligation to the second trust holder, a credit union, which accelerated its note and instituted foreclosure proceedings. After duly advertising the foreclosure sale, the property was purchased at public auction by the credit union on March 28, 1980 at 10:14 a. m. On that same day at 10:29 a. m. the debtors filed their petitions in Bankruptcy, proceeding under Chapter 7, the liquidation chapter of the Bankruptcy Code.

The property had been appraised for $150,000.00 and sold for $30,000.00 plus assumption of the first trust of $105,000.00. Pursuant to Section 362 of the Bankruptcy Code the credit union filed a complaint to lift the automatic stay to enable it to proceed to ratification of the sale by the State Court. The trustee answered and in essence consented to the relief requested, and the debtors answered and requested that the stay should be continued to enable them to find a purchaser willing to pay a higher price for the property.

## CONCLUSIONS OF LAW

█ This Court has jurisdiction pursuant to 28 U.S.C. Section 1471(e). That section provides that the Bankruptcy Court's exclusive jurisdiction extends to all property of the debtor, wherever located. Although Maryland Rule of Procedure W74(f) grants jurisdiction over the foreclosure action to the Maryland State Court when the foreclosure is docketed, Section 1471(e) supercedes the State Court's jurisdiction. U.S.Const. art. VI. Section 362 of the Bankruptcy Code stays creditor action against the debt-or and the Bankruptcy estate, upon docketing of the case in the Bankruptcy Court, and Section 541 provides that the filing of a Bankruptcy petition creates an estate which includes, inter alia, all legal or equitable interests of the debtor in property. In this case, even though the property has been sold, the mortgagor has an interest in the property, or the proceeds of sale, and the credit union is stayed from interfering with this interest by proceeding to ratification of the sale in the State Court. Therefore, even though the noteholder has properly docketed a foreclosure suit, and regardless of whether the sale has been held, when the mortgagor files a petition in Bankruptcy, the Bankruptcy Court has exclusive jurisdiction and the noteholders must seek relief there before proceeding further in the State Court.

Congress considered the harshness of these provisions and enacted Sections 362(d) and 362(e) of the Bankruptcy Code, which provide that thirty days after a party requests relief from the stay, the stay is automatically lifted unless the Court holds a hearing and determines that the stay should be continued. Local Bankruptcy Rule 4001(a) provides that thirty days after a final hearing is held on a complaint for relief from stay, the stay is automatically lifted unless the Court issues an Order continuing the effect of the stay. These provisions ensure that any creditor who seeks relief from the automatic stay will be heard and have prompt relief.

The allegations which must be proven in order to obtain relief from the stay are found in Bankruptcy Code Section 362(d). That section provides an alternative test: either the party seeking relief is not adequately protected by virtue of the stay's continuance or the debtor does not have equity in the property and does not need the property for an effective reorganization. The last clause is included because the Code's Automatic Stay provision applies to both the rehabilitative and reorganization Chapters of the Code as well as to Chapter 7 liquidations. Bankruptcy Code Section 103(a). In a Chapter 7 case, since

there is no reorganization, the clause is inoperative.

Section 362(g) designates the burden of proof in lift stay proceedings. The party requesting relief from stay has the burden of proof on the issue of the debtor's equity in the property, and the party opposing the relief has the burden on all other issues. Obviously the credit union has met the burden here because the sale price of the property was $15,000.00 less than its appraised value and $4,000.00 less than the total encumbrances. Since the debtors are in liquidation, the question of whether the property is necessary for their reorganization is inapplicable.

According to Maryland Rules of Procedure W70 through W80, the procedures remaining in this case which were stayed by the Bankruptcy filing are the entry and publication of an Order Nisi to allow parties in interest to object to the Sale and the entry of the Order ratifying the sale after a hearing on any objections. These procedures provide an adequate forum for the debtors in this case to raise their contention that the purchase price was insufficient. Since any surplus from the sale would be property of the debtors which must be turned over to the Trustee as representative of the estate under Section 323(a) of the Code, the Bankruptcy estate is also protected.

In conclusion, the Court finds that there is no equity in the property, and since the only procedures remaining to be completed in the State Court are those pertaining to the ratification of the completed sale, there is no reason for this Court to retain jurisdiction. An Order will be entered lifting the stay to enable the credit union to proceed to ratification of the sale in the State Court.