**In re Andre SPARKMAN, Debtor.**

**ADMINISTRATOR OF VETERANS' AFFAIRS, Veterans' Administration, and The Lomas & Nettleton Company, Plaintiffs,**

v.

**Andre SPARKMAN, Defendant.**

**Bankruptcy No. 80–00033G.
Adv. No. 80–0578G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

March 2, 1981.

---

Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff, Administrator of Veterans' Affairs, Veterans' Administration.

David B. Comroe, Robinson, Greenberg & Lipman, Philadelphia, Pa., for plaintiff, The Lomas & Nettleton Co.

Terris J. Green, Philadelphia, Pa., for defendant/debtor, Andre Sparkman.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question before us is whether a mortgagee and the Veterans' Administration ("the VA"), to whom the mortgagee assigned its bid at sheriff's sale, are entitled to relief from the automatic stay provisions

of § 362(a) of the Bankruptcy Code ("the Code") to permit them to complete foreclosure on premises owned by the debtor. We conclude that the mortgagee and the VA are entitled to the relief sought because the debtor lacks any interest in the foreclosed property since it was sold at sheriff's sale and all acts necessary under Pennsylvania law to divest the debtor of his interest in the property were taken prior to the filing of the debtor's petition under chapter 13 of the Code. We will, therefore, permit the mortgagee and the VA to complete the foreclosure action—the only remaining part of which is the ministerial act of having the sheriff record the deed.

The facts of the instant case are as follows:[1] On September 16, 1976, one Willie B. Sparkman executed and delivered a note and mortgage to The Lomas and Nettleton Company ("the mortgagee") on premises at 1819 South 57th Street, Philadelphia, Pennsylvania. That mortgage was duly recorded. Sometime thereafter Willie Sparkman executed and delivered a deed to those premises to his son, Andre C. Sparkman ("the debtor") which deed was recorded on May 7, 1979. There was no formal assumption of the mortgage by the debtor although he testified that he told his father that he would make the payments due thereunder.

From January 1, 1979, no mortgage payments having been made by either Willie Sparkman or the debtor, under the terms of the mortgage the entire principal, interest and costs became due. Accordingly, notice of intention to foreclose was sent by the mortgagee in accordance with Pennsylvania law and the mortgagee instituted a complaint in foreclosure in the Court of Common Pleas of Philadelphia County, against Willie Sparkman, as mortgagor, and against the debtor, as owner of the premises. A default judgment was entered therein in favor of the mortgagee against Willie Sparkman and the debtor on September 5, 1979, in the amount of $11,509.00 and, on that same day, a writ of execution was filed with the prothonotary of Philadelphia County and delivered to the sheriff of that county for service. All other documents required by Pennsylvania law to be filed were also filed at that time. After the appropriate advertisement, and in accordance with law, the sheriff scheduled the premises for sheriff's sale on Monday, November 5, 1979. At the request of Willie Sparkman and the debtor, the sale was postponed until Monday, December 3, 1979. At the sheriff's sale held on that date, the premises were sold to the mortgagee's attorney as attorney on the writ for the sheriff's upset price. On December 12, 1979, the mortgagee made settlement with the sheriff and delivered to him a form of deed, an assignment[2] and a transfer tax affidavit. The sheriff signed the deed on December 17, 1979, and delivered it to the prothonotary who acknowledged it that day and returned it to the sheriff to be recorded.

On January 5, 1980, the debtor filed a petition for an adjustment of his debts under chapter 13 of the Code. The sheriff has since that time refused to record the deed, fearing that such action would be in violation of the automatic stay provisions of § 362(a) of the Code. 11 U.S.C. § 362(a). On October 1, 1980, the mortgagee filed the instant complaint[3] seeking relief from the automatic stay and other relief.[4] After

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** The bid at sheriff's sale was assigned by the mortgagee to the Administration of Veterans' Affairs. The VA had guaranteed the mortgage.

**3.** This complaint was filed prior to our opinion in *In re DiBona et al.*, 7 B.R. 798 (Bkrtcy.E.D. Pa.1980), in which we held that the trustee must be joined as a party defendant in com-

plaints for relief from the stay. However, since we conclude below that the debtor did not have an interest in the property at the time he filed his petition under chapter 13, no interest therein passed to the estate and, consequently, the trustee is not a necessary party to the instant complaint.

**4.** The mortgagee also requested that the premises be abandoned and, in the alternative, that the debtor's chapter 13 case be dismissed because of the debtor's alleged fraud on the mort-

several motions and hearings—which included the joinder of the VA as a party plaintiff [5]—the merits of that complaint were finally presented at trial on January 27, 1981.

The mortgagee asserts that under Pennsylvania law title had passed from the debtor to the mortgagee once the sheriff's sale was completed and the various documents were signed and filed. It contends that the remaining act—that of recording the deed—was merely a ministerial act that did not detract from the title which it held (and had assigned to the VA). Therefore, the mortgagee contends that the debtor lacks any interest or equity in the property, thereby entitling the mortgagee to relief from the stay pursuant to § 362(d)(2).[6] Furthermore, the mortgagee contends that the debtor had no equity in the property, even before the sheriff's sale. In support of this contention the mortgagee offered evidence that the debt owed to it was over $11,000 while the value of the property was $9,000, as evidenced by a transfer tax affidavit executed by the attorney for the debtor and Willie Sparkman at the time the property was transferred to the debtor.

In response to the mortgagee's assertions, the debtor contends that the mortgagee is no longer a party in interest since it has assigned its rights in the property to the VA. The debtor also maintains that there was equity in the property (the fair market value being allegedly greater than the mortgage debt) and that the property is necessary for the debtor's effective reorganization.

■ With respect to the debtor's first contention—that the mortgagee is not a party in interest—we conclude that it is without merit. Under the statutes and regulations governing VA-guaranteed loans, the mortgagee is required to cooperate with the VA in pursuing their remedies on default of any VA-guaranteed mortgage.[7] We conclude, therefore, that the mortgagee has sufficient interest to entitle it to be a party to the instant complaint. However, even if we were to conclude that the mortgagee did not have such an interest, the VA clearly is a party in interest, as the assignee of the bid at sheriff's sale. The VA is a plaintiff in this complaint and has joined the mortgagee in the request for relief from the stay. Consequently, even if we were to conclude that the mortgagee did not have standing, the remaining plaintiff, the VA, does have standing and the complaint may not be dismissed on that ground.

■ Although the debtor's other contentions have the sound of validity, his *probata* fell far short of his *allegata*. For instance, no evidence whatsoever was offered to establish that the foreclosed realty is necessary for the debtor's effective reorganization. Since the debtor has the burden of proving that element, its absence prevents us from deciding that element in the debtor's favor. Furthermore, on the issue of the debtor's equity in the property, the debtor merely offered the testimony of an employee of the debtor's attorney who had prepared the debtor's chapter 13 petition, schedules and plan. That witness testified that the property had a fair market value of $15,000. However, the witness admitted that she was not a real estate appraiser or even in the real estate business and that her valuation of the property was not based on her personal observation of the property. Instead, she readily admitted that she had

gagee in having the property transferred to him.

5. For a discussion of those motions and hearings, see our discussion in the opinion in the instant case dated December 22, 1980.

6. (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (2) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2) with respect to a stay of an act against property, if—
    (A) the debtor does not have an equity in such property; and
    (B) such property is not necessary to an effective reorganization.
11 U.S.C. § 362(d)(2).

7. *See* 38 U.S.C. § 1801 *et seq.* and 38 C.F.R. § 36.4201 *et seq.*

based her valuation of the property on purely hearsay evidence. Such evidence is certainly not enough to refute even the miniscule evidence offered by the mortgagee as to the fair market value of the property (the value of $9,000 given on the transfer tax affidavit).

However, even though the mortgagee's evidence on the issue of the fair market value of the property was less than completely overwhelming, we conclude that the mortgagee has nonetheless established by the debtor's own affidavit that the debtor believed the property had no equity.[8] Under Pennsylvania law, the debtor lost all title and interest in the property in question when the mortgagee's attorney bid it in at the sheriff's sale, executed the required documents, and the acknowledged deed was delivered by the prothonotary to the sheriff. *See* Pa.Stat.Ann. tit. 12, § 2537 (Purdon). Consequently, the debtor had no interest whatsoever in that property when he subsequently filed his petition under chapter 13 of the Code. Therefore, the debtor can have no equity in that property within the meaning of that term in § 362(d)(2), and the mortgagee is entitled thereunder to relief from the stay.

Moreover, in light of the evidence presented and our conclusion that under Pennsylvania law the debtor did not have any interest in the property at the time he filed his petition under chapter 13, we conclude that the automatic stay never applied to acts against that property. Section 362(a) of the Code provides for an automatic stay of all proceedings or acts against the debtor, the debtor's property or property of the estate. It does not stay acts against property which is neither the debtor's nor the estate's. Therefore, the stay did not operate to prohibit the act of the sheriff in recording the deed. This conclusion is supported by the conclusions of the bankruptcy courts in *In re Smith*, 7 B.R. 106 (Bkrtcy.W. D.N.Y.1980); *In re Loubier*, 6 B.R. 298 (Bkrtcy.D.Conn.1980); *In re Moore*, 5 B.R. 449 (Bkrtcy.D.Md.1980); *In re Butchman*, 4 B.R. 379 (Bkrtcy.S.D.N.Y.1980); *In re Bradley*, 3 B.R. 313 (E.D.Va.1980).