In re Artis Earl BURKE, Debtor.

DELAWARE VALLEY CONSUMER DISCOUNT COMPANY, Plaintiff,

v.

Artis Earl BURKE

and

Margaret Graham, Trustee, Defendant.

Bankruptcy No. 80–02855G.
Adv. No. 81–0127G.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 26, 1981.

George A. Ciervo, Willingboro, N. J., for plaintiff, Delaware Valley Consumer Discount Co.

Howard Hall, District Council 33, Philadelphia, Pa., for debtor/defendant, Artis Earl Burke.

Margaret Graham, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is similar to the legal query posed by the case of *Administrator of Veterans' Affairs et al. v. Andre Sparkman*, 9 B.R. 359, which we decided by an opinion dated March 2, 1981. However, in the instant case, the debtor raises an additional argument which requires analysis. The problem in both cases is whether the mortgagee who, before the debtor filed his

Chapter 13 petition, had bought the debtor's home at sheriff's sale, was entitled to relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code in order to obtain possession of the property. We conclude that the second mortgagee is entitled to such relief because the debtor has no interest in the property.

■ The facts of the instant case are as follows:[1] Delaware Valley Consumer Discount Company ("the plaintiff") was the holder of a second mortgage on premises located at 5119 Keyser Street, Philadelphia, Pennsylvania, and owned by Artis Earl Burke ("the debtor"). The plaintiff filed a complaint in mortgage foreclosure against the debtor and obtained a judgment by default thereon. The premises were subsequently sold at sheriff's sale on July 24, 1980, to the attorney for the plaintiff as attorney on the writ. On October 20, 1980, the sheriff executed a deed to the premises and delivered it to the plaintiff thereby giving all title to the premises to the plaintiff. On November 3, 1980, the debtor filed a petition for an adjustment of his debts under chapter 13 of the Bankruptcy Code ("the Code"). On February 9, 1981, the plaintiff filed the instant complaint for relief from the automatic stay provisions of § 362(a) of the Code to permit it to peaceably obtain possession of the property or to proceed with eviction of the debtor in the state court. In his answer to the complaint,

the debtor admits that title to the property is presently in the plaintiff. The debtor further admits that, at the time of the sheriff's sale, he had no equity in the property (the mortgages thereon being greater than the value of the property).

In *Sparkman,* we held that where property had been sold at sheriff's sale and where all steps had been taken, under state law, to transfer title to the plaintiff, the debtor had no interest or equity in the property. Therefore, we concluded that the plaintiff in *Sparkman* was entitled to relief from the automatic stay pursuant to § 362(d)(1) and (2) of the Code.

The facts of the instant case are identical to those in *Sparkman* in that title to the property has already passed to the plaintiff. Therefore, the debtor has no equity in that property. Further, the debtor has made no argument that the property is necessary for an effective reorganization. Consequently, the plaintiff is entitled to relief from the stay pursuant to § 362(d)(2).[2] In addition, since the debtor is still in possession of the property and, as yet has not offered to provide the plaintiff with adequate protection of its interest in the property, the plaintiff is entitled to relief from the stay pursuant to § 362(d)(1).[3]

■ The debtor argues, however, that the transfer of the property to the plaintiff was not perfected pursuant to § 547(e)(1)[4]

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 362(d)(2) provides:
   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—
   (2) with respect to a stay of an act against property, if—
   (A) the debtor does not have an equity in such property; and
   (B) such property is not necessary to an effective reorganization.

3. Section 362(d)(1) provides:
   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under

subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

4. Section 547(e)(1) provides: "For the purposes of this section—(A) a transfer of real property ... is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such a transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee." Applicable state law provides that the interest of a transferee of real property is not perfected as to a bona fide purchaser until it is recorded. *See* Pa.Stat.Ann. tit. 21, § 351 (Purdon).

because the deed issued by the sheriff to the plaintiff was not recorded until December 22, 1980, after the filing of the debtor's petition. Therefore, the debtor argues that the transfer was a voidable preference pursuant to § 547(b). We find that argument to be totally without merit. Although it is not clear in the instant case whether the plaintiff recorded the sheriff's deed prior to the filing of the debtor's petition and, therefore, whether the plaintiff has perfected its rights in the property against a bona fide purchaser from the debtor under § 547(e)(1), perfection under that section is only relevant with respect to the avoidance of a preference under § 547(b). Since we find that the transfer of the property to the plaintiff at the sheriff's sale was not a voidable preference under that section, the issue of perfection of that transfer is not relevant in the instant case.

We conclude that the transfer of the property to the plaintiff at the sheriff's sale was not a voidable preference under § 547(b) because it did not enable the plaintiff to receive more than it would have in a distribution under chapter 7 of the Code.[5] Because the plaintiff was a mortgagee of the property, it had a security interest in the property which would not be avoidable in a chapter 7 case under the Code. *See, e. g.,* 11 U.S.C. §§ 544, 545, 547, 548 and 549. Therefore, the plaintiff would be entitled to enforce its security interest in the property in a chapter 7 case just as it has done in the instant case. Consequently, the transfer of the property to the plaintiff at the sheriff's sale may not be avoided by the debtor pursuant to § 547(b).

5. Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Subsection (5) of that section is not present herein.