**In re George WILSON, Jr. and Denise E. Wilson, Debtors.**

**Bankruptcy No. 81–00424G.**

United States Bankruptcy Court, E. D. Pennsylvania.

April 9, 1982.

Jerry Schuchman, Glenside, Pa., for debtors, George and Denise F. Wilson.

Michael David Eiss, Philadelphia, Pa., for Joseph A. Sullivan, Sheriff of Philadelphia County.

Sheldon C. Jelin, Philadelphia, Pa., for first mortgagee, Federal National Mortgage Assn.

E. Gerald Donnelly, Jr., Philadelphia, Pa., for S.M.J. Inv. Co.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether the Sheriff of Philadelphia County should be held in contempt for issuing a deed to the debtors' residence, having that deed acknowledged by the prothonotary and recorded after the Sheriff had actual notice that the debtors had filed a petition under chapter 13 of the Bankruptcy Code ("the Code"). We conclude that the Sheriff's actions were a willful violation of the automatic stay provisions of the Code and in contempt of this court.

The facts of the instant case are as follows:[1] On January 5, 1981, the premises located at 7102 Stenton Avenue, Philadelphia, Pennsylvania, and owned by George and Denise Wilson ("the debtors") were sold at sheriff's sale to S.M.J. Investment Company ("S.M.J.") for $27,600.00 as a result of a mortgage foreclosure action begun by Federal National Mortgage Association ("the first mortgagee"). On February 4, 1981, S.M.J. settled with the title company by paying the balance of the purchase price and all title costs and by executing and delivering all the necessary documents. On February 5, 1981, the title company concluded the settlement with the Sheriff of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Philadelphia County.[2] However, on February 6, 1981, before the Sheriff could issue the sheriff's deed and before that deed could be acknowledged and recorded, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. The Sheriff thereafter refused to issue the deed for the premises because he felt constrained by the automatic stay provisions of § 362(a) of the Code.

However, in June, 1981, the Sheriff did issue the deed which was acknowledged and recorded. The Sheriff's action was prompted by the receipt of a letter from the first mortgagee's attorney stating that in his opinion the stay was not applicable because of our decision in *In re Sparkman*, 9 B.R. 359, 3 C.B.C.2d 856 (Bkrtcy.E.D.Pa.1981). After the deed was issued and recorded, S.M.J. commenced eviction proceedings in the state courts against the debtors. As a result, the debtors filed the instant motion to hold the Sheriff in contempt for willfully violating the automatic stay and to declare null and void those actions taken in violation of the stay.

After an examination of the relevant law and a comparison of the facts of this case and the *Sparkman* case, we conclude that the instant case is not governed by *Sparkman* for two reasons. First, we predicated our decision in *Sparkman* on the fact that, *before* the debtor had filed his petition under chapter 13, the realty had been sold at sheriff's sale, the sheriff had issued the deed, the prothonotary had acknowledged the deed and the prothonotary had returned the deed to the sheriff to be recorded. We consequently concluded in *Sparkman* that the debtor had lost all legal and equitable interests in the property under Pennsylvania law before he filed his petition under the Code.[3]

In the instant case, however, the only action which occurred *before* the debtors filed a petition under chapter 13 was the sheriff's sale and settlement with the purchaser. We conclude that, without the issuance, acknowledgment and presentation for recording of the sheriff's deed, the debtor still has certain legal and equitable rights in the property which are protected by the automatic stay provisions of the Code. *Accord, In re Boicesco*, Bankr. No. 81–02683, Adv. No. 81–0934 (E.D.Pa. Sept. 17, 1981). *See also, In re Russell*, 8 B.R. 342, 7 B.C.D. 288 (Bkrtcy.W.D.Pa.1980).[4]

There is a further reason why we conclude that the automatic stay provisions of the Code apply in the instant case. That reason is that the debtors in this case continue to have actual possession of the property in question. Section 541(a) of the Code defines property of the estate to include all property in which the debtor has an interest, equitable as well as legal. We have already held that possession alone is such an interest in property. *See In re Lewis*, 15 B.R. 643 (Bkrtcy.E.D.Pa.1981).

Therefore, we conclude that any actions taken after the filing of the debtors' petition under chapter 13 which sought to affect any of the debtors' interests in their real property was a violation of the automatic stay provisions of the Code. Furthermore, since the actions of the Sheriff were taken after he had knowledge of the debtors' filing under the Code, the Sheriff is in willful contempt of this court. *See, e.g., In re Norton*, 15 B.R. 623 (Bkrtcy.E.D.Pa. 1981). We will, consequently, fine the Sheriff for those actions. In addition, we will declare that all actions taken in violation of the stay are null and void.

However, with respect to certain other relief requested by the debtors in this case, we find that relief to be unwarranted.

---

**2.** The under sheriff involved in this case is Matthew Carafiola.

**3.** *See* Pa.Stat.Ann. tit. 12, § 2537 (Purdon).

**4.** Although the *Russell* case dealt with a motion to vacate a sheriff's sale pursuant to § 549(c) of the Code rather than a motion for contempt for violation of the stay provisions of § 362(a) of the Code, the bankruptcy court held therein that the sheriff's sale was not fully perfected under Pennsylvania law until the sheriff's deed had been issued, acknowledged and presented for recording.

First, we deny the debtors' request for attorney's fees because we find that the Sheriff's actions were not in bad faith but rather were based on a good faith misinterpretation of the Code and cases decided thereunder. *See, e.g., In re Ratmansky,* 2 B.R. 527 (Bkrtcy.E.D.Pa.1980), *citing, Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. We also refuse to enjoin permanently any proceedings seeking the eviction of the debtors. We believe that it should be clear from our opinion that such actions are already stayed by § 362(a) of the Code. In addition, we do not wish to imply by our decision herein that the first mortgagee and/or S.M.J. are now precluded from seeking relief from the stay in order to proceed with their actions against the debtors and their property in the state courts.

We likewise refuse to grant the request of S.M.J. (made in the event that we decide that the stay applies, as we have above) to direct the Sheriff and the first mortgagee to return to S.M.J. the purchase price which it paid for the property in question. We have held only that the actions taken by the Sheriff *after* the filing of the debtors' petition are null and void as a violation of the automatic stay. Those actions which were taken *before* the filing of the debtors' petition (namely, the sheriff's sale itself and the settlement by S.M.J.) are not so avoidable. Consequently, any interest in the property which S.M.J. received as a result of that sale and settlement is not, we conclude, affected in any way by our decision herein.[5] Furthermore, as we stated above, there is apparently nothing to prevent S.M.J. from now seeking relief from the automatic stay to permit it to continue with whatever actions are necessary to perfect its title in the property which it purchased at the sheriff's sale and to seek to evict the debtors. This decision holds merely that the debtors have an interest in the property in question which is protected by the automatic stay. We have

not decided whether the debtors' interest is superior to S.M.J.'s or whether the debtors' interest is sufficient to withstand a complaint for relief from the stay. Consequently, we refuse to grant S.M.J.'s request for a return of its purchase price.

---

5. It is apparent that S.M.J., as the purchaser at the sheriff's sale, has an interest in the property in question. *See, e.g., Marx Realty and Inv. Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 156 A.2d 827 (1959); *Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Broad Street Hosp.,* 354 Pa. 123, 47 A.2d 281 (1946).