ESTATE OF Stephen J. HAIKO, Deceased, John J. Haiko, Administrator, Appellee,

v.

Neil MCGINLEY and Theresa McGinley f/k/a Theresa Wright, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 21, 2002.

Filed May 15, 2002.

Paul J. Winterhalter, Philadelphia, for appellants.

Andrew V. Guilfoil, Media, for appellee.

BEFORE: JOHNSON, BECK, and KELLY, JJ.

JOHNSON, J.:

¶ 1 Neil McGinley and Theresa McGinley ("the McGinleys") appeal the trial

court's order granting a petition to enforce settlement filed by the Estate of Stephen J. Haiko ("the Estate"). The McGinleys contend that the court erred in ordering enforcement because the parties had never entered a cognizable settlement of the underlying claim. The McGinleys argue in the alternative that if a settlement is deemed to exist, any right the Estate had to enforce its provisions was waived when the Estate failed to file an appropriate objection during the McGinleys' subsequent Chapter 7 bankruptcy. Finally, the McGinleys contend that the court reached its findings on the basis of legally insufficient evidence. We conclude that the McGinleys have failed to establish trial court error. Accordingly, we affirm the court's order.

¶ 2 This matter arises out of the McGinleys' alleged default on a promissory note payable to Haiko. Haiko was Neil McGinley's grandfather. In 1990, Haiko advanced the McGinleys $149,900 to buy a marital residence. As a condition of the advance, Haiko required the McGinleys to execute the promissory note at issue here, agreeing to repay Haiko $75,000. The note provided generous repayment terms, but also allowed confession of judgment in the event the McGinleys failed to pay the obligation.

¶ 3 In 1995, Haiko ("Decedent") died intestate, and the court appointed his son, John J. Haiko, ("Administrator") administrator of the Estate. Administrator is Neil McGinley's uncle. Neil was one of six lawful beneficiaries of the Estate and his share was valued at approximately $ 12,500. Theresa was not a beneficiary. Prior to distribution of the Estate, Administrator discovered the McGinleys' promissory note and demanded payment of the outstanding principal. Although the McGinleys asserted that they had satisfied the note, they were able to document payment of only $4500. Consequently, in 1997, Administrator confessed judgment.

¶ 4 The judgment remained undisturbed for approximately two years until March 1999, when the trial court granted the McGinleys' petition to open the judgment and scheduled the matter for trial. During ensuing months the parties, through counsel and family members, sought to negotiate a settlement. Neil authorized his former counsel, Basil Koudelis, Esquire, to accept any offer of settlement that would allow him merely to forfeit his share of the Estate in exchange for Administrator's agreement to discontinue the action on the promissory note.

¶ 5 On November 24, 1999, Neil contacted Koudelis and apprised him that a family member had convinced the Estate to accept forfeiture in lieu of repayment of the note. Subsequently, counsel for the Estate verified that his client had agreed to the forfeiture arrangement, and on December 1, 1999, counsel apprised the court that the matter had been settled. At Neil's request, Koudelis drafted a settlement agreement and release to conform with the terms the parties had accepted. During the following week, Neil appeared at Koudelis's office, conferred with counsel, and took the written agreement, stating that he wished to confer with Theresa. Thereafter, Neil signed the agreement but did not return it to counsel.

¶ 6 On May 31, 2000, Administrator filed a petition to enforce the settlement agreement. On June 9, 2000, the McGinleys sought protection under Chapter 7 of the United States Bankruptcy Code and the trial court stayed the action on the note pending disposition of the bankruptcy petition. In that petition, the McGinleys claimed Neil's interest in the Estate as exempt property under 11 U.S.C. § 522(d)(5), notwithstanding Neil's pending forfeiture of the interest under the

terms of the settlement agreement. Ostensibly to protect the interest of the Estate, Administrator filed a proof of claim, but did not file an objection to the McGinleys' claim of exemption. Thereafter, the Bankruptcy Court, by order of September 21, 2000, discharged the McGinleys' debts and closed the bankruptcy proceeding. The trial court lifted the stay it had imposed on these proceedings and Administrator filed a renewed petition to enforce settlement.

¶ 7 Upon consideration, the trial court originally denied Administrator's petition in an order dated May 18, 2001 and entered of record on May 22, 2001. More than thirty days later, on June 27, 2001, the trial court granted reconsideration of that order and scheduled argument. After an additional thirty days, the court granted enforcement of the settlement in an order dated July 27, 2001. The court determined that the parties had reached an agreement by which Neil forfeited his interest in the Estate in exchange for forgiveness of the sum owed on the promissory note. The court concluded accordingly that Neil's interest in the Estate was unaffected by the bankruptcy and remained subject to the antecedent settlement. The McGinleys then filed this appeal.

¶ 8 The McGinleys raise the following questions for our review:

I. WHETHER THE TRIAL COURT FAILED TO GRANT RECONSIDERATION OF ITS OWN ORDER WITHIN A TIMELY MANNER?

II. WHETHER THE PROPERTY CLAIMED AS EXEMPT PURSUANT TO 11 U.S.C. § 522(D)(5) UNDER THE UNITED STATES BANKRUPTCY CODE, FOR WHICH AN OBJECTION IS NOT TIMELY FILED CONSISTENT WITH THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND EFFECTIVELY ADMINISTERED IN A CHAPTER 7 BANKRUPTCY, IS SUBJECT TO A FURTHER DISPOSITION BY A STATE COURT FOLLOWING THE CONCLUSION OF THE BANKRUPTCY CASE?

III. WHETHER THE FINDINGS OF THE COMMON PLEAS COURT ARE BASED ON SUBSTANTIAL EVIDENCE SUFFICIENT TO SUPPORT A CONCLUSION THAT A SETTLEMENT EXISTED WITH ONE DEFENDANT PRECLUDING THE PROPERTY RIGHTS OF THERESA McGINLEY?

Brief for Appellant at 4.

¶ 9 The McGinleys' first question raises an issue of jurisdiction. The McGinleys argue that by the time the court entered its July 27 order, it had no authority to act under the Rules of Court because more than thirty days had elapsed after entry of the order that denied Administrator's petition. Brief for Appellant at 10. The time within which a trial court may grant reconsideration of its orders is a matter of law, of which our review is plenary. *See Kramer v. Schaeffer*, 751 A.2d 241, 245 (Pa.Super.2000); Pa.R.A.P. 1701(b)(3)(ii). If the trial court erred in its application of the law we are empowered to correct that error. *See Kramer*, 751 A.2d at 245.

¶ 10 Initially, we note that the underlying order from which the McGinleys measure the time elapsed prior to appeal is the order denying Administrator's petition to enforce the settlement. That order was interlocutory and not subject to a right of appeal by any party. *See Friia v. Friia*, 780 A.2d 664, 666 (Pa.Super.2001). Rule of Appellate Procedure 1701(b)(3), upon which the McGinleys rely to establish

a timeliness requirement for reconsideration, prescribes the trial court's authority where the underlying order is on appeal. *See* Pa.R.C.P. 1701(b) (Authority of a trial court or agency after appeal). The McGinleys cite no authority to establish that the constraints prescribed by Rule 1701(b)(3) apply to an interlocutory order from which the aggrieved party does not have a right of appeal. Assuming, however, that the McGinleys reliance on Rule 1701 is not misplaced, we conclude nonetheless that the court's order granting reconsideration was timely filed.

■ ¶ 11 Pennsylvania Rule of Appellate Procedure 1701(b)(3) vests authority in the trial court to grant reconsideration of its orders "within the time prescribed by [the Rules] for the filing of a notice of appeal[.]" Pa.R.A.P. 1701(b)(3)(ii). Appellate Rule 903 prescribes the time for appeal to be "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The Rules prescribe further that, in civil cases, the date of entry of an order "shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given," sent by regular mail. *See* Pa.R.A.P. 108(b) (Date of Entry of Orders); Pa.R.C.P. 236 (Notice by Prothonotary of Entry of Order, Decree, or Judgment). Accordingly, a trial court's order granting reconsideration is timely if entered within thirty days of the date on which notice of the underlying order was mailed.

■ ¶ 12 A trial court's order granting reconsideration must state expressly and unequivocally that reconsideration is granted; issuance of a rule to show cause or entry of a hearing date on the motion will not suffice to satisfy the mandate of the Rules. *See Cheathem v. Temple University Hospital* 743 A.2d 518, 520 (Pa.Super.1999); *Schoff v. Richter*, 386 Pa.Super.

289, 562 A.2d 912, 913 (.1989). Once the court grants reconsideration, "the time for filing a notice of appeal or petition for review begins to run anew," regardless of whether the court's order amounts to a reaffirmation of its prior determination. Pa.R.A.P. 1701(b)(3). Consequently, an aggrieved party may appeal the underlying order within thirty days after the entry of the order granting reconsideration and an appeal from such an order will be deemed timely. *See Schoff v. Richter*, 562 A.2d at 913.

¶ 13 Upon application of the governing law, we conclude that the trial court acted in a timely manner, expressly granting reconsideration. Although, as the McGinleys argue, the court docketed the original order denying enforcement on May 22, 2001, the trial court prothonotary first sent notice of the order on May 30, 2001. Reproduced Record (R.R.) at 3a. Twenty-eight days later on June 27, 2001, the trial court filed its subsequent order granting reconsideration. The order stated explicitly that "reconsideration of this Court's Order dated May 18, 2001 shall be and the same is GRANTED." Trial Court Order, Pagano, J., 6/27/01. Because the order granted reconsideration within thirty days of the date on which the prothonotary sent notice of the underlying order, any applicable appeal period commenced to run anew. Pa.R.A.P. 1701(b)(3). Accordingly, the court's subsequent order entered on July 27, 2001, enforcing the settlement between the parties, fell within the time prescribed by Rule 1701(b)(3)(ii). Contrary to the McGinleys' assertion, the court's order is legally operative and binding on the parties. Therefore, we are able to consider the McGinleys' remaining issues.

■ ¶ 14 In their second question on appeal, the McGinleys contend that the trial court erred in enforcing the settlement because Neil's interest in the Estate

is protected by their discharge in bankruptcy. Brief for Appellants at 10. The McGinleys argue that they declared Neil's interest in the Estate as exempt property under 11 U.S.C. § 522(d)(5), and that Administrator did not object to the exemption. The McGinleys conclude accordingly that Neil's interest is not now subject to the claims of the Estate. Brief for Appellants at 11 (quoting *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) (stating "[u]nless a party in interest objects, the property claimed on such list is exempt")).

¶ 15 Upon review of applicable law, we conclude that the exemption in bankruptcy does not control the disposition of Neil's interest in the Estate. Rather, property rights, such as those claimed by the McGinleys, are defined by state law. *See Western United Life Assurance Co. v. Hayden*, 64 F.3d 833, 837 (3rd Cir.1995) (applying Pennsylvania law to determine property interest of debtor in annuity payments assigned to third party prior to commencement of bankruptcy); *In re Sparkman*, 9 B.R. 359, 363 (Bankr. E.D.Pa.1981) (applying Pennsylvania law to determine whether debtor had property interest in real estate sold at sheriff's sale prior to commencement of bankruptcy). Bankruptcy does not create interests in property, but acts merely to protect and apportion those in existence when the bankruptcy petition is filed. *See Foulke v. Lavelle*, 308 Pa.Super. 131, 454 A.2d 56, 59 (1982); *Sparkman*, 9 B.R. at 362 n. 3. If, under state law, a debtor does not have a property interest in disputed property upon filing a bankruptcy petition, he cannot shelter that property under provisions of the Bankruptcy Code. *See Foulke*, 454 A.2d at 59 (refusing to apply automatic stay under Section 362(a) of Bankruptcy Code where debtor was divested of property interest prior to commencement of

bankruptcy); *id.* at 363, 454 A.2d 56 (same). "The Bankruptcy code does not bar proceedings in a case in which the Bankruptcy debtor has no interest in the property at issue." *Temtex Products, Inc. v. Kramer*, 330 Pa.Super. 183, 479 A.2d 500, 508 (1984).

¶ 16 The McGinleys assert that exemption of Neil's interest from the claims of creditors in bankruptcy protects that interest from disposition in a subsequent state court proceeding. In view of the foregoing cases, this assertion is simply incorrect. The existence and extent of any interest the McGinleys had in Neil's share of the Estate is a matter of state law properly determined by the trial court in a state proceeding. *See id.* Here, the trial court determined, and the record demonstrates, that Neil had forfeited his interest in the Estate many months prior to the date on which the McGinleys filed their bankruptcy petition. Because the property did not belong to Neil or to the McGinleys collectively, the Bankruptcy Court could not act to exempt the property. *See Foulke*, 454 A.2d at 59; *Sparkman*, 9 B.R. at 363.

¶ 17 Accordingly, the McGinleys' reliance on *Taylor* is misplaced. In *Taylor*, the U.S. Supreme Court recognized as exempt the proceeds of a legal action the debtor had pending in state court when she filed her petition for protection in bankruptcy. *See* 503 U.S. at 640, 112 S.Ct. 1644. There was no dispute in *Taylor* that the debtor and her counsel in the state court action had an unqualified claim to the money eventually paid to satisfy the action. The debtor had not agreed to forfeit or assign her share of the proceeds prior to filing her petition for bankruptcy. Consequently, when she later claimed an exemption of the proceeds, the claimant's failure to object to the exemption waived its right to access the property after discharge. *See id.* Because the facts in *Tay-*

*lor* are distinguishable from those at issue here and because Neil's putative interest in the Estate was properly subject to determination by the trial court, we find no error in the court's refusal to recognize the McGinleys' claim of exemption. The McGinleys may not use the Bankruptcy Code to lay claim to assets to which they are not otherwise entitled under state law.

¶ 18 In their third and final question on appeal, the McGinleys challenge the sufficiency of the evidence underlying the trial court's determination that Neil had forfeited his interest in the Estate prior to the bankruptcy. Brief for Appellants at 12. The court made its determination on the basis of the affidavit of the McGinleys' former attorney, Basil Koudelis. Significantly, the McGinleys do not object to the court's reliance on the affidavit; they contend instead that the affidavit does not support the findings and conclusions of the trial court. Brief for Appellants at 12 ("The [c]ourt is mistaken in its understanding of what the Koudelis affidavit established."). The McGinleys argue also that Theresa McGinley "had a colorable interest as a beneficiary of the Estate," as a consequence of which any forfeiture required her consent.

¶ 19 We note initially that the McGinleys do not set forth any citation to authority or legal discussion to support their contentions that Theresa had a "colorable interest" in the Estate or that the court erred in finding that Neil had forfeited the interest. The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. *See* Pa.R.A.P. 2119(b); *Estate of Lakatosh*, 441 Pa.Super. 133, 656 A.2d 1378, 1381 (1995) (concluding that appellant had waived issue raised on appeal as corresponding argument in brief included only general statements without appropriate citation to authority). Without a reasoned discussion of the law against which to adjudge the McGinleys' claims, our ability to provide appellate review is hampered. "It is not this Court's function or duty to become an advocate for the appellant[]." *Commonwealth v. Birdseye*, 432 Pa.Super. 167, 637 A.2d 1036, 1043 (1994). Accordingly, we deem the McGinleys' assertion of evidentiary insufficiency waived. *See* Pa.R.A.P. 2119(b) (Citations to authorities); 2101 (Conformance with Requirements); *Estate of Lakatosh*, 656 A.2d at 1381; *Birdseye*, 637 A.2d at 1043.

¶ 20 For the foregoing reasons, we affirm the trial court's order enforcing settlement, mandating forfeiture of Neil's interest in the Estate.

¶ 21 Order **AFFIRMED.**