**Gypsy Lane Owners' Association v. DeJesus**

24

*Tsiwen M. Law*, for appellants
*Glenn M. Ross*, for appellee

TUCKER, *J.*, May 20, 2013—

## I. PROCEDURAL HISTORY & FACTS

This matter comes before the court from the granting of Timothy Murphy and Lissette DeJesus' (hereinafter referred to as "appellants") motion to set aside sheriffs sale. On October 27, 2009, Gypsy Lane Owners' Association, a condo association (hereinafter referred to as "appellee") filed a complaint in breach of contract for appellants' failure to pay condominium fees for a condo located in Philadelphia, PA. Compl. filed (10/27/2009). This matter was schedule for arbitration in the Philadelphia County Court of Common Pleas Arbitration Center on October 28, 2009. Arbitration hearing scheduled (10/28/2009). After filing answers to appellee's complaint, appellants'

filed a declaration of bankruptcy. Ans. to compl. filed (11/20/2009); ans. to compl. filed (12/28/2009); deferred — bankruptcy (06/11/2010). This matter was removed from deferred status on August 11, 2010. Removed from deferred status (08/11/2010).

The arbitration in this matter went forward; the arbitrators found in favor of appellee and against appellants in the amount of twenty-eight thousand nine hundred and fifteen dollars and seventy cents ($28,915.70). Report & award of arbitrators. Appellants' appealed the arbitration award on November 15, 2010, and this matter was listed in the Philadelphia County Court of Common Pleas trial ready pool. Listed trial ready pool (11/16/2010). On July 20, 2011, the court entered an order that annexed a consent agreement executed by the parties; pursuant to the consent agreement, judgment was entered against appellants' and in favor of appellees in the amount of forty thousand dollars ($40, 000.00). Order entered — final disp. by J. Moss (07/20/2011).

On August 10, 2011, Eugene Curry filed an appeal of the judgment entered by consent agreement. Appeal to Superior Court. Apparently, Mr. Curry was seeking to represent appellant DeJesus in this matter; Mr. Curry in not an attorney. Opinion filed (10/11/2011). The appeal of the entry of the judgment by consent agreement was eventually quashed by the Commonwealth Court. Appeal quashed by appellate ct. (10/10/2012). Meanwhile, appellee commenced proceedings to enforce its judgment. Praecipe to issue writ filed (10/31/2011); affidavit of

service filed (01/19/2012).

On April 2, 2012, a counseled motion to postpone sheriff's sale was filed on behalf of appellant DeJesus. Mot. Postpone sheriff sale (04/02/2012). The motion to postpone sheriff's sale was denied. Order entered by J. Tucker (04/02/2013). Appellants' condo was sold at sheriff's sale on April 3, 2012; however, the terms of the sale were not completed within the time prescribed by the law and the sheriff returned the writ on September 26, 2012. Mot. to set aside sheriff's sale (01/16/2013); writ return filed (09/26/2012). A sale of the subject property was scheduled for January 2013. Mot. for reconsideration (02/22/2013).

On January 16, 2013, appellants' filed a counseled motion to set aside sheriffs sale wherein alleging: (1) the sale of the property was postponed pending an emergency hearing by the court. Appellee thereafter scheduled a sheriff's sale more than one hundred and thirty (130) days later without serving notice pursuant to Pa.R.C.P. 3129.2; (2) Appellee also did not file an affidavit in accordance with Pa.R.C.P. 3129.2; and (3) although appellee's attorney purchased the condo at the sheriff's sale, the sheriff never delivered the deed to appellee's attorney. Mot. to set aside sheriffs sale (01/16/2013). Based on appellants' motion to set aside sheriff's sale and response thereto, the court granted appellants' motion to set aside the sheriff's sale on February 13, 2013. Mot. to set aside sheriffs sale (01/16/2013); answer (mot./pet. filed) (02/05/2013); order entered by J. Tucker (02/13/2013).

On February 22, 2013, appellee filed a motion for reconsideration of the court's order granting appellants' motion to set aside sheriffs sale, wherein alleging: (1) proper notice of the April 3, 2012 sheriff's sale was given to appellants. When the sale remained incompleted, the sheriff returned the writ and relisted the sheriff's sale of the condo for January 2013. Since the property had already been sold, no further notice was required pursuant to Pa.R.C.P. 3129.3; (2) Appellee was not required to file an additional affidavit pursuant to Pa.R.C.P. 3129.2 because the sale of the property had already occurred, the terms had not been met, and the property was relisted for sale in January 2013; (3) a straw purchaser sent by appellants purchased the subject property, but did not pay the balance of the bid within the time prescribed by law, thereby resulting in the property being relisted in January 2013; (4) nevertheless, the January 2013 sheriff's sale was advertised by publication in December 2012. Mot. for reconsideration (02/22/2013). The court granted appellee's motion for reconsideration; denied appellants' motion to set aside sheriffs sale; and deemed the sheriffs sale of January 8, 2013 as remaining. Order entered by J. Tucker (02/27/2013).

On March 21, 2013, appellants' appealed the court's order granting reconsideration and deeming the sheriff's sale of January 8, 2013 valid to the Commonwealth Court. Appeal to Commonwealth Court (03/21/2013). The court ordered appellants to file of record a concise statement of matters complained of ("1925(b) statement")

28

pursuant to Pa.R.A.P. 1925(b). Order entered by J. Tucker (03/26/2013). Appellants filed their 1925(b) statement. 1925(b) statement (04/15/2013), wherein stating, verbatim, renumbered for clarity:

(1) The trial court erred in granting plaintiff's motion for reconsideration of the February 12, 2013 order setting aside the sheriff's sale before defendant appellants had an opportunity to answer. Plaintiff filed a motion for reconsideration on February 22, 2013 and the trial court granted the motion on February 26, 2013.

(2) The trial court erred in granting plaintiff's motion for reconsideration of the February 12, [] order without requiring moving to prove an error of law.

(3) The trial court erred in granting plaintiff's motion for reconsideration of the February 12, 2013 order without requiring plaintiff to disclose new facts not available at the time that the original motion to set aside sheriff's sale was considered.

(4) The trial court erred in finding that the sale of 4000 Gypsy Lane, Unit 245 in April 2012 had not been stayed, continued, postponed, or adjourned.

(5) The trial court erred in not finding that Pa.R.C.P. 3129.3 governed the sheriff's sale of 4000 Gypsy Lane, Unit 245 on January 8, 2013.

(6) The trial court erred in not finding that Pa.R.C.P. 3129.1 and 3129.2 applied to the sheriff's sale of 4000

Gypsy Lane, Unit 245 on January 8, 2013.

(7) The trial court erred in finding that defendants did not need to be noticed on the sheriff's sale of 4000 Gypsy Lane, Unit 245 on January 8, 2013.

(8) The trial court erred in finding that mortgagees and additional entities other than the defendants, such as PNC mortgage, did not need to be notified of the sheriff's sale of 4000 Gypsy Lane Unit 245 on January 8, 2013.

1925(b) statement (04/15/2013).

A discussion ensues:

## II. LEGAL ANALYSIS

a. The Court properly granted Appellee's Motion for Reconsideration.

To the extent that appellants' seek to appeal the court's *decision* to grant reconsideration of a previous decision, the court's *decision* is non-reviewable. Pursuant to the Pennsylvania Rules of Appellate Procedure, the court may grant reconsideration of a previous order. Pa.R.A.P. 1701(b)(3). Where a court grants reconsideration, as here, the court may either reaffirm its prior determination or overrule its prior determination. *Id.* Either way, the court's *decision* to grant reconsideration in and of itself is non-reviewable on appeal. *Moore v. Moore*, 634 A.2d 163, 166 (Pa. 1933)(stating that "A motion for reconsideration is addressed to the sound discretion of the trial court....");

30

*Estate of Haiko v. McGinley*, 799 A.2d 155, 158-159 (pa. Super. 2002). Simply put, the court did not err in its decision to grant appellee's motion for reconsideration.

b. However, the court having granted appellee's motion for reconsideration and having reversed its earlier decision without a hearing on the same, or without giving appellant the opportunity to answer, the court recommends remand of this matter.

Pursuant to the Philadelphia County Court Rules:

> Motions for reconsideration shall be forwarded to the appropriate judge *immediately* upon filing, and the filing party must serve a copy of the motion as provided in subsection (b)(3)(C). In appropriate cases, the assigned judge *may* enter a preliminary order vacating the order in question pending receipt of the response to the motion.

Phila. Civ.R. *208.3(a)(3)(emphasis added). Unlike other types of motions and petitions, motions for reconsideration are neither automatically scheduled for a rule to show cause hearing, nor are held for response before they are assigned to the appropriate court in Philadelphia County. Pa.R.C.P. 206.1; Phila. Civ.R. *206.4(c)("Rule to show cause. Issuance as of course. Form of order. Stay."); Phila. Civ.R.*208.3(a)(3); Pa.R.C.P. 208.3. Nevertheless, Philadelphia County court of common pleas civil administration imposes a two-day hold on motions for reconsideration before assigning the motions to the court for disposition. Despite the local Philadelphia County rule

allowing motions for reconsideration to be assigned to the court without an automatic hearing or response, pursuant to the Pennsylvania rules of civil of procedure:

> Except as otherwise provided in subdivision (b), the court shall initially consider a motion without written responses or briefs. For a motion governed by this subdivision, the court may not enter an order that grants relief to the moving party unless the motion is presented as uncontested to the other parties to the proceeding are given an opportunity for an argument.

Pa.R.C.P. 208.3. Here, once the court determined that it would grant appellee's motion for reconsideration and that there was the possibility that the court would overrule its previous order granting relief in favor of appellant, the court should have scheduled a rule to show cause hearing on the motion at issue, which was appellant's motion to set aside sheriff's sale.

Appellant charges error against the court for not scheduling a hearing or otherwise giving appellant the opportunity to answer appellee's motion for reconsideration. The court notes that appellee's motion for reconsideration was assigned to the court two (2) days after it was filed. The court granted appellee's motion for reconsideration the next day, which means that appellant had three (3) days to respond to appellee's motion for reconsideration. Therefore, technically, appellee's motion for reconsideration was presented as "uncontested" to the court for disposition pursuant to Pa.R.C.P. 208.3.

However, because this court rules on outstanding motions no later than twenty-four (24) hours after the motions are assigned, the court accepts appellant's contention that it did not have the opportunity to answer appellee's motion for reconsideration. The court notes that a suggestion of bankruptcy was filed in this matter on March 9, 2012; there is no indication as to the current status of the suggested bankruptcy. Suggestion of bankruptcy filed (03/09/2012). Therefore, the court recommends that this matter be stayed by the Commonwealth Court pending resolution of the bankruptcy. In lieu of the staying the matter, the court recommends that this matter be remanded so that the court can schedule a rule to show cause hearing on why appellant's motion to set-aside sheriff's sale should not be granted.

## III. Conclusion

Due to the swiftness with which this court disposes of outstanding motions, the record supports appellant's allegation that it did not have time to respond to appellee's motion for reconsideration. Although the court was well within its discretion to grant appellee's motion for reconsideration, the court should have given appellant an opportunity to respond to the motion for reconsideration pursuant to Pa.R.C.P. 208.3, especially since the court deemed appellee's motion for reconsideration as meritorious. The court recommends remand of this matter to schedule a rule on the motion at issue, appellant's motion to set aside sheriff's sale.