1999 PA Super 28

**Cyril Harrison WECHT, M.D., J.D., Appellant,**

v.

**PG PUBLISHING CO., a Pennsylvania Corporation d/b/a and t/a the Pittsburgh Post Gazette, William Block, Paul Block, Jr., John G. Craig, Jr., Tim Menees a/k/a Timenees, Chet Wade and Tom Hritz, Appellees.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1998.
Filed Feb. 16, 1999.

Geoffrey R. Johnson, Philadelphia, for appellant.

W. Thomas McGough, Jr., Pittsburgh, for appellees.

1. *Wecht v. PG Publishing Company*, 353 Pa.Super. 493, 510 A.2d 769 (Pa.Super.1986), *appeal denied*, 514 Pa. 632, 522 A.2d 559 (1987).

Before HUDOCK, JOYCE, and LALLY-GREEN, JJ.

LALLY-GREEN, J.:

¶ 1 Appellant, Cyril H. Wecht, M.D., J.D., appeals from an order granting summary judgment in this false light—invasion of privacy action. We affirm in part and reverse in part.

¶ 2 Appellant brought this action which originally included counts of defamation and false light—invasion of privacy based on five separate publications made by defendants/appellees. Preliminary objections in the nature of a demurrer were sustained but on appeal this Court vacated the trial court's order dismissing the false light—invasion of privacy counts and remanded for further proceedings.[1] After discovery, the trial court granted Appellees' motion for summary judgment as to all but one of Appellant's false light—invasion of privacy claims.[2] Appellees then filed a motion *in limine* seeking to preclude Appellant from introducing evidence of emotional distress damages. The trial court granted the motion on the basis that expert medical testimony was required to support a claim for emotional distress. As Appellant did not intend to produce expert testimony, the court ruled he could not establish emotional distress damages. Thereafter, Appellees moved for summary judgment on the basis that Appellant could not prove any damages. The trial court granted the motion for summary judgment. This appeal followed.

¶ 3 On appeal, Appellant claims the trial court erred in holding that expert medical testimony is required to prove emotional distress damages. Appellant also contends that, even if the trial court was correct in requiring expert medical testimony, it was error to dismiss his claim as he is still entitled to recover nominal damages if he establishes the elements of false light—invasion of privacy. For the reasons set forth below, we agree with the trial court that expert medical

2. This sole remaining claim was based on an October 25, 1983 article written by Chet Wade regarding the Post–Gazette Editorial Board's interview of Allegheny County District Attorney Robert Colville.

testimony is required. However, we agree with Appellant that nominal damages may be awarded in a false light—invasion of privacy action.

¶ 4 The tort of false light—invasion of privacy is defined in the Restatement (Second) of Torts as follows:

One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy if

(a) the false light in which the other was placed would be highly offensive to a reasonable person and

(b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

RESTATEMENT (SECOND) OF TORTS § 652E.[3]

Once a plaintiff establishes a cause of action, he or she may recover damages for:

(a) the harm to his interest in privacy resulting from the invasion;

(b) his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion; and

(c) special damage of which the invasion is a legal cause.

RESTATEMENT (SECOND) OF TORTS § 652H.

¶ 5 We first address Appellant's claim that expert medical testimony is not required to establish emotional distress damages in a false light—invasion of privacy action. Mental distress may form the basis for an award of damages in a false light—invasion of privacy action if that distress is of a kind that normally results from such an invasion. RESTATEMENT (SECOND) OF TORTS § 652H. Expert testimony is appropriate when the subject matter is beyond the knowledge, information or skill possessed by the ordinary juror. *Commonwealth v. Seese*, 512 Pa. 439, 442, 517 A.2d 920, 921 (1986)

¶ 6 Neither this court nor our Supreme Court has had occasion to discuss the precise issue of whether expert testimony is necessary in order to establish both that the plaintiff suffered emotional distress and that the emotional distress was of a kind that normally results from the actions complained of. Both parties therefore rely on cases involving torts other than false light—invasion of privacy.

¶ 7 Appellant relies primarily on cases involving wrongful use of civil proceedings. In *Bannar v. Miller*, 701 A.2d 242 (Pa.Super.1997), this Court, relying on the reasoning of *Shelton v. Evans*, 292 Pa.Super. 228, 437 A.2d 18 (Pa.Super.1981), held that no medical testimony was required to establish emotional damages in an action for wrongful use of civil proceedings under the Dragonetti Act, 42 Pa.C.S.A. § 8351. *Bannar*, 701 A.2d at 251.

¶ 8 *Shelton* was a common law malicious prosecution action brought by a middle-aged man who had been arrested on private criminal charges which were totally unsupported by any evidence offered at the preliminary hearing. As noted in *Shelton*, compensatory damages in a malicious prosecution action may include, *inter alia*, harm to reputation, mental anguish, humiliation and injury to feelings. *Shelton* 437 A.2d at 21. In *Shelton*, we noted that the intangible injuries the plaintiff suffered included: being accused of theft; being arrested without warning in his own home and in front of his wife; almost being taken to jail; having to defend himself in two separate hearings; and being obliged to explain to his neighbors that he really hadn't stolen anything. *Id.* These intangible injuries were so obvious that we upheld the jury's verdict of $20,000 in compensation for the plaintiff's intangible injuries. *Id.*

¶ 9 We then held in *Bannar*, a wrongful use of civil proceedings case under the Dragonetti Act, that, following *Shelton*, there was no reason to make medical testimony a requirement of proving intangible injuries simply because the action was brought under the Dragonetti Act rather than as a common law action. *Bannar*, 701 A.2d at 251. We reasoned that the jury could reach a fair and competent determination in the absence of medical testimony, based on evidence ad-

---

**3.** This Court has adopted this definition of the tort of invasion of privacy. *See, e.g., Larsen v. Philadelphia Newspapers*, 375 Pa.Super. 66, 543 A.2d 1181, 1188 (1988).

duced at trial, even where the injury to the plaintiff is intangible. *Id.*

¶ 10 Appellees and the trial court rely primarily on *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987). In that case, our Supreme Court had before it an action for intentional infliction of severe emotional distress by outrageous conduct as defined in section 46 of the RESTATEMENT (SECOND) OF TORTS. The Court held that the plaintiffs could not succeed absent expert medical confirmation that they actually suffered the claimed emotional distress.[4] *Id.* at 197–99, 527 A.2d at 995. The Court stated that it is both unwise and unnecessary, given the advanced state of medical science, to permit recovery predicated on an inference based on the defendant's outrageousness without expert medical confirmation that the plaintiff actually suffered emotional distress.

¶ 11 The Supreme Court in *Kazatsky* noted some historical reasons in support of its decision.

> In Pennsylvania the denial of recovery for psychic injury can be traced to three principal concerns: medical science's difficulty in proving causation, the danger of fraudulent or exaggerated claims, and the perception that recognition of such a cause of action would precipitate a flood of litigation.
>
> It was not until 1970 that this Court created a limited exception to the impact rule .... The ... Court, in dismissing the traditional concern that causation could not be scientifically established in mental distress cases in which there was no physical impact, stressed the great strides made by medical science since the formulation of the impact rule....

*Kazatsky* at 192, 527 A.2d at 992 (citations omitted).

¶ 12 Thus, the *Kazatsky* Court recognized that the fact that expert medical testimony could alleviate these concerns had a part in the movement toward recognition of emotional distress as a compensable injury in

and of itself. Without the ability of medical experts to support claims of emotional distress, both as to the fact of the distress itself and as to the causation element, it is unlikely that our courts would have recognized emotional distress as a compensable injury in and of itself.

■ ¶ 13 In the present case, in order to establish a compensable injury for emotional distress, Appellant must establish not only "mental distress" but a certain type of mental distress, *i.e.*, "mental distress of a kind that normally results from" the invasion of privacy. RESTATEMENT (SECOND) OF TORTS § 652H. Although it is conceivable that a plaintiff could testify to the mental distress symptoms he or she suffered, a lay witness could not make the necessary connection between those symptoms and the type of distress that "normally results from" invasion of privacy. Therefore, we agree with the trial court that expert medical testimony is necessary in order to show both the emotional distress itself and that the plaintiff's particular distress is the kind that normally results from the particular invasion of privacy.

¶ 14 The historical concerns cited in *Kazatsky* are applicable any time a cause of action allows compensation for mental distress in and of itself and thus are applicable to the tort presently alleged. However, requiring expert medical testimony will alleviate these concerns by establishing that the mental distress is the kind that normally results from the invasion of privacy. Requiring expert medical testimony will also ensure that fraudulent or exaggerated claims or a "flood of litigation" will not ensue.

¶ 15 Appellant also contends that even if expert testimony is required to establish mental distress, summary judgment was inappropriate because he is still entitled to nominal damages. We agree.

■ ¶ 16 Our courts have awarded nominal damages in various case, particularly in cases where there is a technical tort but no actual damage. In *Stevenson v. Economy Bank of Ambridge*, 413 Pa. 442, 197 A.2d 721

---

4. The Court specifically noted that neither of the plaintiffs had sought medical treatment. *Kazat-* *sky* at 197–98, 527 A.2d at 995.

(1964), the plaintiff brought an action in trespass against Economy Bank for conversion of the contents of a safe deposit box. The action arose out of a situation where the bank refused to allow the plaintiff access to the box, which was leased to plaintiff and her brother-in-law as cotenants. Our Supreme Court directed the entry of judgment for nominal damages, stating that in the absence of proof of compensatory damages, the bank's interference with the plaintiff's right of possession was limited to an award of nominal damages. *Id.* at 454, 197 A.2d at 727. In *Grabowski v. Quigley*, 454 Pa.Super. 27, 684 A.2d 610, 615 (Pa.Super.1996), we reversed a grant of summary judgment and held that at least nominal damages were available to a plaintiff whose complaint alleged battery, *i.e.*, that he had not consented to surgery by a surgeon other than the one named on the consent form.

¶ 17 Significantly, we have held that nominal damages are available in invasion of privacy cases. In both *Aquino v. Bulletin Co.*, 190 Pa.Super. 528, 154 A.2d 422 (Pa.Super.1959) and *Harris v. Easton Publishing Co.*, 335 Pa.Super. 141, 483 A.2d 1377 (Pa.Super.1984) we held that the plaintiff in an invasion of privacy case need not suffer either pecuniary loss or physical harm as nominal damages can be awarded in that type of action. We see no reason not to apply this same rule to false light — invasion of privacy cases.[5] Therefore, we reverse the trial court's order entering summary judgment and remand for further proceedings.

¶ 18 Order affirmed in part, reversed in part. Case remanded for further proceedings. Jurisdiction relinquished.

¶ 19 HUDOCK, J. did not participate in the consideration or decision of this case.

---

**5.** We express no opinion as to whether Appellees acted under a constitutional privilege or whether Appellant is a public figure whose status as such affects his burden of proof. As we noted in our previous opinion, these are not subjects which should be dealt with at this stage of the litigation.