J-A12030-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| RONALD ANDREW KESSELRING, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PAMELA J. HARLOW A/K/A PAMELA J. | : | |
| MORRIS, DAVID MORRIS, AND RENT | : | |
| FOR LESS, | : | |
| | : | |
| Appellees | : | No. 1639 MDA 2014 |

Appeal from the Order entered September 5, 2014,
Court of Common Pleas, Adams County,
Civil Division at No. 07-S-1547

BEFORE:  BOWES, DONOHUE and ALLEN, JJ.

MEMORANDUM BY DONOHUE, J.:                          **FILED JUNE 10, 2015**

Ronald Andrew Kesselring ("Kesselring") appeals from the order of court granting the motion for summary judgment filed by Pamela Morris, David Morris and Rent for Less (collectively "Appellees").  We affirm.

The trial court succinctly summarized the facts underlying this appeal as follows:

> The pathetic factual history in this litigation finds its genesis in the deterioration of a romantic relationship between [Kesselring] and his former girlfriend, [Pamela Morris].  The parties were involved in an on-and-off relationship between 2002 and approximately July 12, 2007, when Pamela Morris moved out of Kesselring's residence. Following the parties' separation, [Kesselring] alleges a history of juvenile acts including various vandalism [sic] to Kesselring's property; threatening and assaultive behavior; and the public display of signs and circulation of fliers containing unflattering and

degrading comments toward Kesselring, similar to comments one may normally associate with grade school behavior. Based upon these allegations, Kesselring [] filed suit against Pamela Morris her husband David Morris, and the company partly owned and operated by David Morris, Rent for Less. In his [c]omplaint, Kesselring includes causes of actions based upon trespass to chattels, defamation, false light, assault, conspiracy, and intentional infliction of emotional distress. The [Appellees] … move[d] for summary judgment generally claiming that Kesselring is unable to provide competent proof as to the elements necessary to support any of the causes of action. [Appellees] also claim[ed] [that] the causes of action for trespass, conspiracy, and intentional infliction of emotional distress are barred by the doctrine of res judicata due to a previous litigation involving the same parties and the same factual history which was resolved in [their] favor.

Trial Court Opinion, 9/8/14, at 1-2 (footnote omitted). The trial court granted summary judgment in Appellees' favor as to all claims raised by Kesselring. This timely appeal follows.

Kesselring challenges the trial court's ruling in five respects. He presents these issues as follows:

Whether the trial court abused its discretion in granting summary judgment in its entirety in favor of [Appellees], as there remained several issues of material fact, which make a grant of summary judgment improper.

a. Whether [Kesselring] presented sufficient evidence to preclude the grant of summary judgment as to Count 1 [t]respass to [c]hattels?

b. Whether [Kesselring] presented sufficient evidence to preclude the grant of summary

judgment as to Counts 2 and 3, [d]efamation and [f]alse [l]ight?

c. Whether [Kesselring] presented sufficient evidence to preclude the grant of summary judgment as to Count 4 [a]ssault?

d. Whether [Kesselring] presented sufficient evidence to preclude the grant of summary judgment as to Count 5 [c]onspiracy?

e. Whether [Kesselring] presented sufficient evidence to preclude the grant of summary judgment as to Count 6 [i]ntentional [i]nfliction of [e]motional [d]istress?

Kesselring's Brief at 6.

To begin, Kesselring did not challenge the trial court's determination with regard to his claim for assault in his Pa.R.A.P. 1925(b) statement of matters complained of on appeal or amended statement of matters complained of on appeal. As such, it is waived. **See Lazarski v. Archdiocese of Philadelphia**, 926 A.2d 459, 463 (Pa. Super. 2007) (providing that an issue not raised in a statement filed pursuant to Pa.R.A.P. 1925(b) is deemed waived for purposes of appeal); Pa.R.A.P. 1925(b)(4)(vii).

Furthermore, Kesselring has provided woefully underdeveloped arguments for his first, second and fourth issues. The arguments he presents for each are limited to one paragraph. Kesselring does not set forth

the elements of any of these claims nor provide citation to, much less discussion of, relevant authority and how it relates to the facts of his case.[1]

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. **See** Pa.R.A.P. 2119(b); **Estate of Lakatosh**, [] 656 A.2d 1378, 1381 ([Pa. Super.] 1995) (concluding that appellant had waived issue raised on appeal as corresponding argument in brief included only general statements without appropriate citation to authority). Without a reasoned discussion of the law against which to adjudge [an appellant's] claims, our ability to provide appellate review is hampered.

**Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002). We have long recognized that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Bombar v. West American Ins. Co.**, 932 A.2d 78, 93 (Pa. Super. 2007). Accordingly, we find these issues waived. **McGinley**, 799 A.2d at 161.

We turn to the remaining claim: that the trial court erred in granting summary judgment with regard to Kesselring's intentional infliction of emotional distress claim. We consider this claim cognizant that

---

[1] Kesselring's "arguments" for his first and second issues contain no case citations. **See** Kesselring's Brief at 17-18. We recognize that with regard to his fourth issue, Kesselring cites two cases: one for the generic premise that a conspiracy may be proved by direct or circumstantial evidence, and another for the proposition that credibility determinations are matters for the finder of fact. **Id.** at 20. He provides no relevant discussion of these principles, stating only that "because the nature of this count can be proven by circumstantial evidence, summary judgment was improper … because there still remained a genuine issue of material fact that is a determination for the trier of fact." **Id.** This is not argument, it is a conclusion.

an appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

*Payne v. Commonwealth Dep't of Corr.*, 871 A.2d 795, 800 (Pa. 2005)

(citations omitted). Pennsylvania Rule of Civil Procedure 1035.2 governs

motions for summary judgment and provides as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

"In order to sustain a claim for intentional infliction of emotional distress, the plaintiff must demonstrate that by extreme and outrageous conduct, the defendant intentionally or recklessly caused the plaintiff severe emotional distress." *Kryeski v. Schott Glass Technologies, Inc.,* 626 A.2d 595, 600 (Pa. Super. 1993). The law in this Commonwealth requires the plaintiff to establish the existence of the alleged emotional distress with competent medical evidence:

> It is basic to tort law that an injury is an element to be proven. Given the advanced state of medical science, it is unwise and unnecessary to permit recovery … without expert medical confirmation that the plaintiff actually suffered the claimed distress. Moreover, the requirement of some objective proof of severe emotional distress will not present an unsurmountable obstacle to recovery. Those truly damaged should have little difficulty in procuring reliable testimony as to the nature and extent of their injuries. We therefore conclude that … existence of the alleged emotional distress must be supported by competent medical evidence.

*Kazatsky v. King David Mem'l Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987). The requirement of expert medical evidence serves to "support claims of emotional distress, both as to the fact of the distress itself and as to the causation element[.]" *Wecht v. PG Pub. Co.*, 725 A.2d 788, 791 (Pa. Super. 1999).

Presently, the trial court found that Kesselring failed to produce the requisite medical evidence to support his claim of intentional infliction of severe emotional distress. Trial Court Opinion, 9/8/14, at 8-9. Kesselring

disagrees. He argues that his treating physician, Dr. David Zickafoose, would testify at trial and points to a note that he produced from Dr. Zickafoose. Kesselring's Brief at 20. We have reviewed the letter to which Kesselring refers. It provides only that Kesselring began taking Paxil for anxiety and depression in 2000; stopped taking it in 2006; and began to take a different medication for stress and depression in April 2011. Appellees' Motion for Summary Judgment, 7/24/14, at Exhibit C. In his letter, Dr. Zickafoose does not opine that Kesselring's anxiety and depression were related to Appellees' alleged actions. Furthermore, it is notable that the events that form the basis for Kesselring's intentional inflection of emotional distress claim occurred in 2007 and 2008, **see** Amended Complaint, 4/6/10, at 2-8, a period of time during which Kesselring was not taking medication for anxiety or depression, and according to Kesselring's medical expert, he did not resume taking this medication until approximately three years after these events occurred. Kesselring has failed to produce evidence to establish that Appellees' alleged conduct caused his alleged emotional distress, and therefore failed to produce evidence of facts essential to the cause of action. As such, summary judgment on this count was proper pursuant to Pa.R.C.P. 1035.2(2).

Order affirmed.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/10/2015