J-S52035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.K. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| D.M.A. | |
| Appellee | No. 769 EDA 2014 |

Appeal from the Order Entered February 7, 2014
In the Court of Common Pleas of Bucks County
Domestic Relations at No(s): CP-09-CR-01222-2013

BEFORE:  GANTMAN, P.J., ALLEN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 17, 2014**

Appellant, T.K. ("Father"), appeals from the order entered in the Bucks County Court of Common Pleas, which required Father to turn over to counsel for Appellee, D.M.A. ("Mother"), a copy of a deed of trust under which Father is a trustee and contingent beneficiary, in this child support matter.  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.[1]  Therefore, we have no reason to restate them.

_____

[1] Throughout its opinion, the trial court states that it held a hearing on February 7, 2014, to determine Father's support obligation for the parties' two children; and that the court directed Father to pay a fixed amount for
*(Footnote Continued Next Page)*

_____

*Former Justice specially assigned to the Superior Court.

Father raises three issues for our review:

> DID THE TRIAL JUDGE ABUSE HIS DISCRETION BY ORDERING [FATHER] TO PROVIDE A COPY OF A DEED OF TRUST TO [MOTHER] THAT WOULD VIOLATE THE PRIVACY AND CONFIDENTIALITY OF THIRD PARTIES?
>
> DID THE TRIAL JUDGE ABUSE HIS DISCRETION BY ORDERING [FATHER] TO PROVIDE A COPY OF THE DEED OF TRUST TO [MOTHER] WHEN THERE WAS NO EVIDENCE THAT [FATHER] WAS RECEIVING INCOME THEREUNDER?
>
> DID THE TRIAL JUDGE ABUSE HIS DISCRETION BY NOT PROVIDING ANOTHER REMEDY BY WHICH DISTRIBUTIONS TO [FATHER] THAT WOULD BE INCOME FOR SUPPORT PURPOSES COULD NOT BE DISCLOSED TO [MOTHER] WITHOUT VIOLATING THE CONFIDENTIALITY AND PRIVACY OF THIRD PARTIES?

(Father's Brief at 4).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Rosselli v. Rosselli*, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). *See also* Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

> **Rule 2119. Argument**
>
> **(a)  General rule.**—The argument shall be divided

*(Footnote Continued)* ─────────────

child support. The record makes clear, however, Father has primary physical custody of the parties' children, and upon Father's complaint for child support, the court determined <u>Mother's</u> child support obligation.

into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). ***See also Lackner v. Glosser***, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); ***Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, the argument portion of Father's brief is not divided into

separate sections for each question to be argued. *See* Pa.R.A.P. 2119(a). More importantly, Father cites no legal authority to support his claims on appeal.[2] *See id.* Father's failure to develop his claims on appeal with discussion and analysis of pertinent authority precludes meaningful review and waives his issues for appellate review. *See Lackner, supra*; *Haiko, supra*; *Butler, supra*.

Moreover, after a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Alan M. Rubenstein, we conclude that even if Father had preserved his issues for our review, his claims would nevertheless merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed April 11, 2014, at 4-10) (finding: initially, discovery order in question is immediately appealable under collateral order doctrine, where Father asserts deed of trust contains privileged information, court's determination of purported privilege can be addressed without deciding underlying issue of child support, interests of beneficiaries' alleged confidential information would potentially go unprotected without immediate review, and privacy concerns at issue are rooted in public policy; regarding merits of Father's claims, deed of trust is

_____

[2] The only citation to legal authority in Father's appellate brief is in his statement of jurisdiction. *See* Father's Brief at 2 (citing 42 Pa.C.S.A. § 742).

relevant to underlying issue of child support, as Father may receive distributions in future which will impact his income for support purposes, and details regarding when Father will receive distributions may lead to admissible evidence in subsequent support hearing; discovery request is not unduly burdensome or unreasonable or beyond scope of discovery; Father does not cite any specific privilege that would prevent him from turning over copy of deed of trust to Mother's counsel, but to extent Father asserts fiduciary duty to protect other beneficiaries' information, there is no explicit statutory duty to keep that information private or recognized independent common law privilege in trustee-beneficiary relationship; Father failed to explain what information in deed of trust, if disclosed, would violate privacy and confidentiality of other beneficiaries; court gave absolute limiting instructions that copy of deed of trust cannot be disseminated to anyone other than Mother's counsel and no additional copies can be made; Father presented no evidence that disclosure of deed of trust in this circumstance will endanger Father's role as trustee or place him at risk of breaching fiduciary duty; thus, court's order directing Father to provide Mother's counsel with copy of deed of trust was proper). Accordingly, Father's issues are waived for appellate review; had Father preserved his claims, we would have affirmed on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2014

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
FAMILY DIVISION

T. K.                        :        NO. 2013-DR01222
                             :
         v.                  :
                             :
D. M. A.                     :        IN SUPPORT

# OPINION

T. K.            ("Father") appeals from this Court's Order of February 7, 2014, directing Father to, *inter alia*, provide to     D. M. A.        ("Mother") a copy of the Deed of Trust of John E. Glaser, for which Father is a Trustee and contingent beneficiary.

### *Procedural and Factual History*

On February 7, 2014, a Hearing was held before this court to determine the amount of child support Father would provide for his two children, J.E. K., age 18, and B J.K., age 16. The parties reached an agreement and the court entered this agreement as an Order of Court, directing Father to pay $450.00 per month for the support of his two (2) minor children, effective June 17, 2013. The Order also stated that, effective June 30, 2014, because of the emancipation of his child, J.E.K., the Order would be reduced to $310.00 per month for his remaining minor child, B.J. K. Arrears were to be paid at $31.00 per month until satisfied. Father was also directed to pay for health care coverage for the children as well. See Order of Court of Feb. 7, 2014, T. K. v. D.M.A. , BCCP Docket No. 2013-DR01222.

During the hearing, it was determined that Father is a Trustee and contingent beneficiary under a Deed of Trust of J. E. G.      The Trust was a Testamentary Trust and the Settlor is now deceased. At this time of the hearing, Father was not receiving any



distributions under the Trust, however, if and when Father receives distributions from the Trust, it may increase his income available for support of his two (2) minor children.

Mother requested a copy of the Trust so that she could determine if and when Father would be entitled to distributions. Father objected to the discovery request. He stated that he would notify Mother if and when he began receiving distributions under the Trust.

This court overruled Father's objection and ordered Father to provide a copy of the Deed of Trust to Mother's counsel within five (5) days of the hearing. This court also ordered that the Trust documents shall only be disseminated to Father's counsel and no copies of these documents were to be made by Mother's counsel or anyone else.

On February 20, 2014, Father filed a Motion for Reconsideration of this court's Order of February 7, 2014. The Motion for Reconsideration was limited to the discovery issue regarding the Deed of Trust of J. E. G. See Father's Motion for Reconsideration, T.K. v. D.M.A., BCCP Docket No. 2013-DR01222.

On March 7, 2014, Mother filed a Petition for Contempt and Sanctions, alleging that Father has intentionally refused to provide the trust documents to Mother.

On March 10, 2014, a hearing was held on Father's Motion for Reconsideration and Mother's Petition for Contempt and Sanctions. At the hearing, Father asserted that he would provide Mother with a redacted copy of the Deed of Trust of J. E. G. in order to protect the privacy of the other potential beneficiaries under the Trust.

This court denied Father's Motion for Reconsideration, as well as Mother's Petition for Contempt and Sanctions.

On March 10, 2014, Father filed a Notice of Appeal to the Superior Court from the Order entered by this court on February 7, 2014.

2

On March 13, 2014, this Court ordered Father to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925 (b).

On April 2, 2014, Father filed his "Statement of Matters Complained of on Appeal," stating *verbatim*:

> 1. The learned trial Judge erred in entering a decision that was against the weight of the evidence.
>
> 2. The learned trial Judge abused his discretion by Ordering the Plaintiff to provide a copy of a Trust Document to the Defendant that, given the Plaintiff's role as Trustee thereunder would violate the privacy and confidentiality of third parties.
>
> 3. The learned trial Judge abused his discretion by Ordering that Plaintiff provide a copy of the aforementioned Trust Document when there was no evidence that Plaintiff was receiving income thereunder or that the receipt of such income was imminent.
>
> 4. The learned trial judge abuse [*sic*] his discretion by not providing another remedy by which any distributions to the Plaintiff could not be disclosed to the Defendant without violating the confidentiality and privacy of third parties.

Statement of Errors, April 2, 2014.

We file this Opinion pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a).

### *Standard of Review*

Father first argues that this court's decision was against the weight of the evidence.

Although this "weight of the evidence" argument is generally not applicable to a discovery order, the standard of review is whether the trial court abused its discretion, not the underlying question of whether the decision was against the weight of the evidence. Commonwealth v. Widmer, 744 A.2d 745, 751-53 (Pa. 2000). Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give great consideration to the findings and reasons advanced by the trial judge when reviewing

3

a trial court's determination. Id. at 753.

Father's second contention on appeal is that this court abused its discretion in ordering Father to provide a copy of certain Trust documents to Mother.

It is clear that Father is not appealing the Order for Support entered on February 7, 2014. The amount of support Father is directed to pay is not in dispute as evidenced by the agreement entered into by both parties which was made an Order of court on February 7, 2014.

"Generally, in reviewing the propriety of a discovery order, [the] standard of review is whether the trial court committed an abuse of discretion . . . [h]owever, to the extent that [the appellate court is] faced with questions of law, [the] scope of review is plenary." Gormley v. Edgar, 995 A.2d 1197, 1202 (Pa. Super. 2010), citing Berkeyheiser v. A–Plus Investigations, Inc., 936 A.2d 1117, 1123–1124 (Pa. Super. 2007).

Moreover, as a general rule, discovery is liberally allowed with respect to any matter, not privileged, which is relevant to the cause being tried. See generally, Pa.R.C.P. 4003.1; see also Land v. State Farm Mutual Insurance Co., 600 A.2d 605 (1991). "[W]hether disclosure is to be allowed and, if protection is to be afforded, the form of such protection, are matters to be determined according to the discretion of the court." Miller Oral Surgery, Inc. v. Dinello, 611 A.2d 232, 236 (Pa. Super. 1992). Most importantly, stewardship of the trial, including discovery rulings, are "uniquely within the discretion of the trial judge," George v. Schirra, 814 A.2d 202, 204 (Pa. Super. 2002) (quoting Air Products and Chemicals, Inc. v. Johnson, 442 A.2d 1114, 1129 (Pa. Super. 1982)

*Analysis and Discussion*

Pennsylvania law is clear that "an appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42

4

Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313). Berkeyheiser, 936 at 1123. "A final order is one that disposes of all the parties and all the claims, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination." Id.

A collateral order is an order (1) separable from and collateral to the main cause of action where (2) the right involved is too important to be denied review and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Rhodes v. USAA Cas. Ins. Co., 21 A.3d 1253, 1258 (Pa. Super. 20111); see also Pa.R.A.P. 313(b). Unless all three requirements are met, jurisdiction is not available under the collateral order doctrine. See Fried v. Fried, 501 A.2d 211 (Pa. 1985); Pugar v. Greco, 394 A.2d 542 (Pa. 1978). "A discovery order is collateral only when it is separate and distinct from the underlying cause of action." Feldman v. Ide, 915 A.2d 1208, 1211 (Pa. Super. 2007).

"[I]n general, discovery orders are not final, and are therefore unappealable" however, "discovery orders involving privileged material are nevertheless appealable as collateral to the principal action" pursuant to [Pennsylvania Rule of Appellate Procedure] 313 ("Collateral Orders"). Jones v. Faust, 852 A.2d 1201, 1203 (Pa. Super. 2004). Rule 313(a) states that "[a]n appeal may be taken as of right from a collateral order of [a] ... lower court." Pa.R.A.P. 313(a).

"Generally, discovery orders involving *purportedly* privileged material are appealable because if immediate appellate review is not granted, the disclosure of documents cannot be undone and subsequent appellate review would be rendered moot." Rhodes, 21 A.3d at 1258; see also Berkeyheiser v. A-Plus Investigations, Inc., 936 A.2d 1117, 1123-1124 (Pa. Super. 2007) ("Pennsylvania courts have held that discovery orders involving potentially confidential and privileged materials are immediately appealable as collateral to the principal action.") (emphasis added). In Rae v. Pennsylvania Funeral Directors Association, 977 A.2d 1121, 1130 (Pa. 2009), however, the Pennsylvania Supreme Court held that Rule 313 must be narrowly applied on an issue-

5

by-issue basis, and only that portion of the Order that is collateral is subject to collateral review. See id.

It is clear that our discovery Order directing Father to provide a copy of the Trust documents to Mother is not a final order as it does not dispose of all the parties and claims. As noted above, however, Father is asserting that these Trust documents contain confidential information relating to the other beneficiaries. Further, the determination of whether this information is privileged can be addressed without an analysis of the underlying issue of support for the parties' two minor children, thereby meeting the requirement of "separability" for purposes of the collateral order doctrine. In addition, if this information is indeed confidential, the interests of these beneficiaries would potentially go unprotected without immediate review as the information would have already been disclosed to Mother. Lastly, the privacy concerns of individuals who are not parties to this litigation are rooted in public policy. See Berkeyheiser, 936 at 1124-25.

Thus, our Order is appealable as a collateral order subject to immediate collateral review.

In general:

(a) . . . **a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action,** whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

(b) It is not ground for objection that the information sought will be inadmissible at the trial **if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.**

(c) Except as otherwise provided by these rules, it is not ground for objection that the information sought involves an opinion or contention that relates to a fact or the application of law to fact.

Pa.R.C.P. 4003.1.

6

Although the scope of discovery is quite broad, there are limitations to what a party may seek, particularly:

No discovery or deposition shall be permitted which

    (a) is sought in bad faith;

    (b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

    (c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6;

    (d) is prohibited by any law barring disclosure of mediation communications and mediation documents; or

    (e) would require the making of an unreasonable investigation by the deponent or any party or witness.

Pa.R.C.P. 4011

In the case *sub judice*, the information within the Trust documents was relevant to the underlying issue of child support. Father may receive distributions under the Trust at some time in the future. If and when Father receives distributions from the Deed of Trust, it will likely affect the amount of income available for support of his children if they are still under the age of majority. See Pa.R.C.P. 1910.16-2(a)(5). Thus, the information in the Deed of Trust seems relevant to the issue of support for the parties' two minor children. See Pa.R.Civ.Pro. 4003.1; see also see also Berkeyheiser, 936 A.2d at 1124-25.

The information sought in the Trust – i.e. details as to when Father will receive distributions under the Trust –may lead to admissible evidence in any subsequent support hearing. In addition, this discovery request cannot be characterized as being unduly burdensome or unreasonable, and it is certainly not beyond the scope as discovery as previously stated.

Before we analyze whether the information sought meets an evidentiary privilege that would protect this information from being disclosed, it must be noted that this court does not have a copy of the Trust documents at issue here.

Our information is limited to the following: J. E. G. , a relative of Father, is the Settlor/Trustor of a Testamentary Deed of Trust that identifies a number of beneficiaries, one of whom is Father. Father is also a Trustee under John Glaser's Deed of Trust. J. E. G. died on October 19, 2013. Father asserts that he has not yet received distributions from the Trust but he may in the future. The Trust documents specify the details of the distributions under the Trust, and it delineates when Father will receive distributions under the Trust as he is also a named beneficiary.

Father contends, however, given his role as a Trustee as well as a beneficiary, the disclosure of these Trust documents would violate the other beneficiaries' confidentiality and right to privacy.

Although Father does not cite to any particular privilege in his Statement of Errors Complained of on Appeal, we presume that he is arguing that he either (1) has a fiduciary duty to the beneficiaries to not disclose any of their information located within the trust and/or (2) there is a recognized evidentiary privilege that would allow the beneficiaries, through Father as trustee, to bar such information from being disclosed or used in a judicial proceeding.

"A trust is a fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person." In re Trust of Hirt, 832 A.2d 438, 447-48 (Pa. Super. 2003) (citing Restatement (Second) of Trusts, § 2).

"The primary duty of a trustee is the preservation of the assets of the trust and the safety of the trust principal." Estate of Pew, 655 A.2d 521, 541-42 (Pa. Super. 1994).

8

The "Duties and Powers" of a Trustee are also outlined in Title 20, Chapter 77(h), Section 7771 *et seq.* of the Pennsylvania Code. These duties include, *inter alia*, the duty to administer the trust in good faith and in the interests of the beneficiaries and in accordance with applicable law. See 20 Pa.C.S. § 7771 *et seq.* There is no explicit statutory duty to keep the information of beneficiaries private and confidential. Further, there is no independent common law duty created by our courts that recognize a privilege in a trustee-beneficiary relationship.

The specific contents and provisions of this Trust and its corresponding documents are unknown. Father does not delineate what information in these Trust documents, if disclosed, would violate the privacy and confidentiality of the other beneficiaries. Father does not cite to any instructions or provisions in the Trust that prohibit him from disclosing information regarding the beneficiaries. Further, Father does not cite to any particular common law or statutory duty that would bar him from disseminating the contents of the Trust documents in the normal course of discovery.

The sole purpose of our Order was to keep Mother informed as to when Father may receive funds from the Trust. At the hearing, this court repeatedly advised the parties that none of the Trust documents were to be disseminated to anyone other than Mother's counsel, and no additional copies of these documents were to be made. We asserted that these Trust documents were to be used for informational purposes only and our instructions limiting their use were "absolute." Clearly, any other use of these documents by Mother or her counsel would be prohibited and in violation of our Order.

There is no evidence that the disclosure of these Trust documents for this limited purpose will endanger Father's role as a Trustee or place him at risk for breaching any fiduciary duty he owes to the other beneficiaries.

The beneficiaries' information is also not at risk for being misused in any way.

Simply asserting that disseminating these documents to Mother would violate the confidentiality of other beneficiaries, without more, is insufficient to support a proper assertion of a privilege, especially in light of the potential highly probative value of these documents with regard to the underlying issue of child support.

The discovery rules are to be liberally construed to allow the disclosure of any matter, whether tangible or intangible, that is relevant to the cause being tried. As previously stated, the Trust documents maybe relevant to the issue of support of Father's two minor children, and Mother has the right to know when Father receives distributions from any Trust under which he is a named beneficiary.

Based upon the foregoing, we conclude that the Trust documents in question were not privileged, Father has no known fiduciary duty to keep this information private, and their contents were highly relevant to the matter at issue. Thus, our Order directing Father to provide to Mother with a copy of these Trust documents was proper and within this court's discretion.

For these reasons we believe Father's appeal should be denied.

DATE: 4/11/14

BY THE COURT:

ALAN M. RUBENSTEIN, J.

## COPIES SENT TO:

**Brad M. Jackman, Esquire**
JACKMAN LAW
107 North Broad Street
Doylestown, PA 18901


*Attorney for Appellant:*     T. K.


**Robert Repko, Esquire**
REPKO WILLIAMS LLC
87 North Broad Street, Ste. 2
Doylestown, PA 18901


*Attorney for Appellee:*     D. M. A.


**Karen Reid Bramblett, Esquire**
PROTHONOTARY
SUPERIOR COURT OF PENNSYLVANIA
530 Walnut Street, Suite 315
Philadelphia, PA 19106