J-A33033-14

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| NANCY NICOLAOU AND NICHOLAS NICOLAOU<br><br>Appellants<br><br>v.<br><br>JAMES J. MARTIN, M.D., LOUISE A. DILLONSYNDER, CRNP, JEFFREY D. GOULD, M.D., ST. LUKE'S HOSPITAL, ST. LUKE'S HOSPITAL AND HEALTH NETWORK, ST. LUKE'S HOSPITAL UNION STATION MEDICAL SURGICAL CLINIC D/B/A ST. LUKE'S SOUTHSIDE MEDICAL CENTER, ST. LUKE'S ORTHOPEDIC SURGICAL GROUP, AND NAZARETH FAMILY PRACTICE<br><br>Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1286 EDA 2014 |

Appeal from the Order Entered on February 24, 2014
In the Court of Common Pleas of Lehigh County
Civil Division at No.: 2012-C-0518

BEFORE: LAZARUS, J., WECHT, J., and STRASSBURGER, J.[*]

DISSENTING MEMORANDUM BY WECHT, J.:          **FILED MARCH 24, 2015**

Pennsylvania Rule of Appellate Procedure 2101 empowers this Court to dismiss an appeal "if the defects . . . in the brief or reproduced record of the appellant . . . are substantial." Pa.R.A.P. 2101. In this case, the Nicolaous, representing themselves, have submitted to this Court a brief that does not include a substantive argument that addresses the merits of their claim. Nor

---

[*]      Retired Senior Judge assigned to the Superior Court.

do the Nicolaous support their putative claim for relief with citations to binding cases or authorities, in plain violation of Pa.R.A.P. 2119(a) (mandating that an appellant's argument be "followed by such discussion and citation of authorities as are deemed pertinent.").

The failure entirely to submit an argument to this Court is the most "substantial" defect that I can envision when reviewing the adequacy of an appellant's brief, trumped only by failing to file a brief at all. Under established precedent, the Nicolaous' *pro se* status does not afford them an exemption from our deeply entrenched rules of waiver, rules that inarguably are necessary to ensure the fair and expedient disposition of cases. We must apply our rules equally to the represented and the unrepresented, the worthy and the unworthy, and the sympathetic and the unsympathetic. The law is a process, not a result.

Despite the Nicolaous' clear and inexcusable failure to supply this Court with a meaningful argument, the learned Majority nonetheless exempts them from our waiver rules because they are (the Majority assumes) advancing the same argument that they raised in the trial court. **See** Maj. Mem. at 8 n.5. This *ad hoc*, informal exemption violates multiple rules of waiver. The esteemed Majority's rationale functionally upends those rules. Hence, I respectfully dissent.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa.

Super. 2002); *see* Pa.R.A.P. 2119(a), *supra*. "It is not this Court's function or duty to become an advocate for the appellant." **Commonwealth v. Birdseye**, 637 A.2d 1036, 1043 (Pa. Super. 1994). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." **Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009); **Estate of Lakatosh**, 656 A.2d 1378, 1381 (Pa. Super. 1995) (an appellant waives issues where corresponding argument in brief includes only general statements without appropriate citation to authority); **Umbelina v. Adams**, 34 A.3d 151, 161 (Pa. Super. 2011) (same).

The body of the Nicolaous' brief spans only four pages. The entirety of the argument section of that brief contains only the following eleven lines of single-spaced text, which are mostly quotations from the depositions taken in this case, and which I reproduce *verbatim* (and uncorrected) here:

> Pg. 8 (Pg 59 §14) Question; "Who was Dr. Anthony Lionetti is that familiar to you?" Answer; yes but I don't recall.

> Pg. 6 (Pg 33 § 9) Question; "I was asked after Dr. Martin Counsel proceeds to say I started treating at St. Lukes Union Station" Answer; Yes.

> Those answers were incorrect reason of memory loss. This is an example of brain fog totally leaving out the Lyme Disease Center in Philipsburg, NJ.

> Pg. 7 (Pg 38 §§7-10) Question; after no longer being seen by Dr. Martin, who did you go to for medical care? Answer; To the St Lukes clinic.

> At three times I was asked and I'm still leaving out the Lyme Disease Center. These are three examples of brain fog and memory loses from lesions all over my brain spread by lack of treatment, from the wrong drug and countless times given IV steroids.

Brief for the Nicolaous at 5. Conspicuously absent from the Nicolaous' argument are citations to relevant statutes or precedential cases. In fact, the argument section contains no citations to authority at all, nor is it developed in a manner that would allow us to comprehend or analyze the argument. Indeed, the Nicolaous have failed to supply this Court with cogent, developed arguments accompanied by citations to relevant binding authority sufficient to satisfy Pa.R.A.P. 2119. Without such arguments and citations, this Court cannot engage in meaningful appellate review.

In the face of this, the learned Majority endeavors to manufacture an exception specifically designed to permit the Nicolaous to avoid waiver. Why the Majority does so is unclear. The Majority does not reveal whether it is giving special treatment to the Nicolaous because they happen to strike the Majority as sympathetic appellants or because the Majority feels that the Nicolaous must somehow and in some way be afforded relief on their claim. What is clear is that the Majority's special exemption finds no support in our case law, statutes, or rules of procedure, a fact made glaringly evident by the conspicuous absence of any supporting authorities in the Majority's discussion of waiver. *See* Maj. Mem. at 8 n.5.

The Majority says that the Nicolaous have not waived their argument because they raised the same argument below. How the Majority can

discern or even imagine the contours of the argument that the Nicolaous actually are raising is unknowable, inasmuch as the Nicolaous raise no substantive argument whatsoever in their brief. As we are a common law court, we must be pronouncing that every party who has preserved an issue before a trial court now would fall under the Majority's newly-created exception. To hold that a party is exempt from our precedents because it raised an issue in the court below is to erase the many rules that we have (and that we apply daily and remorselessly, as, for example, many post-conviction petitioners can attest) pertaining to the form and content of appellate briefs, including the requirement to draft and submit an argument that is supported by pertinent authorities. Even worse, if the Majority's analysis is to be credited, a party need not file a brief at all. We could simply look to the certified record and rummage around there to cobble together some kind of argument to assist an appellant. Of course, we cannot do that; we are prohibited from acting as counsel for a party. **See Birdseye**, *supra*. On appeal, we only address the arguments presented to us here by the parties; we do not search around in the trial papers and then craft arguments after the fact in order to lend a hand to those parties we deem worthy of our assistance. Rules are rules because they apply uniformly to all.

By fair extension, the Majority's logic also would rewrite the waiver rules that accompany Pa.R.A.P. 1925(b) practice. Typically, if a party fails to include an issue in its Rule 1925(b) concise statement, that issue is

waived for appellate purposes. *See Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006). However, the Majority's innovation here (assuming it applies to everyone and not just to appellants deemed sympathetic to a particular panel on a particular day) would excuse the failure to comply with the rule so long as the issue seems to be the same as that raised and argued before the trial court. Needless to say, such a result is not sustainable.

The Majority's analysis fails not only in its grand strokes, but in its finer points as well. The Majority's holding necessarily rests upon the notion that a party's argument remains fixed and unchanging as the party maneuvers from the trial court into and through the appellate process. Of course, this is simply not the case. While the crux of the argument must stay the same, so as to avoid waiver for not preserving the issue, the argument can and does evolve and develop based upon a multitude of factors. For instance, an appellant's argument must be framed on appeal based upon the relevant standard of review that we apply. Before the trial court, an argument is framed to achieve substantive relief. However, on appeal, the argument most often must be constructed so as to demonstrate that the trial court's decision was an abuse of discretion. Additionally, the appellant often must respond to the rationale that the trial court sets forth for a particular decision in the court's Pa.R.A.P. 1925(a) opinion. There is no question that an argument may change, expand, or contract based upon the manner in which a trial court resolves an issue, which often cannot be

ascertained until that court explains itself in its Rule 1925(a) opinion. Finally, the law itself changes. It is not uncommon for our precedents to shift in one direction or another between the day when an initial argument is made at the trial level and the day when the argument is presented to this Court. Respectfully, I believe that the Majority's approach--plucking an argument from the trial record and insisting that the argument will be exactly the same on appeal--is misguided, and functionally ignores each of the possible scenarios (and in some cases, probabilities) referenced above.

It cannot be gainsaid that we often exercise judicial discretion. But our discretion is not unlimited. We must apply our rules fairly and consistently, no matter the individual status of the appellant. Otherwise, they are not rules, but perhaps guidelines to be honored in the breach, or idiosyncratically when the mood strikes us. The Nicolaous have failed in their substantive obligation to provide this Court with an argument. Sympathetic as the Nicolaous may be, we cannot grant them special privileges that we refuse to extend to all who come before this Court. When we head down that path, there is no end. We open the door to free-wheeling creation of different rules for the more sympathetic and the privileged, and we close doors to those that we personally deem undeserving of the fruits of our equity. We are duty-bound to treat everyone who seeks relief in this Court equally. By granting the Nicolaous an exemption, we take the first step in derogation of that duty.

I would hold that the Nicolaous have waived the only issue that they present to this Court.  The learned Majority holds otherwise.  Therefore, I respectfully dissent.