J-S03032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RICHARD W. PARSONS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHLEEN M. PARSONS | : | |
| | : | |
| Appellant | : | No. 786 WDA 2021 |

Appeal from the Order Dated June 8, 2021
In the Court of Common Pleas of Potter County Civil Division at No(s):
2015-5075

BEFORE:  LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: MARCH 16, 2022**

Kathleen M. Parsons (Wife)[1] appeals an order of the Court of Common Pleas of Potter County (trial court) rescinding an order concerning the distribution of interests in the pension of her now ex-husband, Richard W. Parsons (Husband), a retired postal worker.  In sum, Husband and Wife entered a Separation Agreement on June 14, 2019.  Then, on August 17, 2019, they each signed a Court Order Acceptable for Processing (COAP), which implemented that Separation Agreement.

On August 25, 2020, the trial court entered an order clarifying that according to the COAP, Wife was entitled to a survivorship benefit.  Husband

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Wife has since taken her maiden name, Kathleen M. Breck.

had agreed to the clarification, but he later disputed the order on the ground that it reduced his non-marital interest in the pension. On June 8, 2021, the trial court rescinded its earlier clarification order and the COAP recognizing Wife's survivorship rights. Wife now argues that the trial court had no authority to vacate the clarification order and the COAP once they became final. We find merit in Wife's position, vacate the order of June 8, 2021, and reinstate the clarification order and the COAP.

**I.**

The specific property right at issue in this appeal concerns Wife's entitlement to a survivorship interest in Husband's pension. It is undisputed that under the original Separation Agreement, the parties agreed that Wife would receive a 55% share in the marital portion of Husband's pension, and that she would "have the right to designative survivors" who would be entitled to her share of the pension benefits if she predeceased Husband:

> 5. **The parties agree that the marital portion of husband's pension** with the limited United State Postal Office is in the amount of $547,273.76. **Wife will receive a 55% interest in the same**, together with 55% of any forthcoming costs of living adjustments. **It is further agreed that wife will have the right to designate survivors as to her benefits, which will, however be her children**.

Separation Agreement, 6/14/2019, at Paragraph 5 (emphasis added).

The COAP was entered on August 6, 2019, and it set forth Husband and Wife's respective retirement benefits. Paragraph 7 of the COAP provided that

Wife "is entitled to 35.772% of [Husband's] annuity[.]"[2]  The COAP provided

further in Paragraph 7 that Wife would be awarded a "Former Spouse Survivor

Annuity" pursuant to federal law:

> Under Section 8341(h)(1) of Title 5, United States Code, [Wife] is awarded a Former Souse Survivor Annuity under the Civil Service Retirement System, in the same amount to which [Wife] would have been entitled if the Divorce had not occurred.  **She is to continue as beneficiary of the Civil Service Retirement System survivor annuity to which she was entitled at the time of Divorce**.

COAP Enabling Order, 6/19/2019, at Paragraph 7 (emphasis added).

Finally, the COAP provided in Paragraph 9 that if Wife predeceased

Husband, her interest would be divided equally among her surviving children:

> [Wife] shall commence her benefits as soon as administratively feasible following the date this Order is approved as a Court Order Acceptable for Processing by [the United States Office of Personnel Management (OPM)].  Payments shall continue to the Former Spouse for the remainder of [Husband's] life-time.  **However, in the event that [Wife] dies before [Husband], OPM is directed to pay [Wife's] share of the [pension] benefits to the surviving children of the marriage, in equal shares**.

*Id.* at Paragraph 9 (emphasis added).

The record is vague on whether or to what extent Wife ever received

the survivor benefits outlined in the COAP once it was entered.  No precise

monetary values have been assigned to Wife's interest in the pension or to

---

[2] Neither the COAP nor any other part of the record explain precisely how Wife's 55% interest in the non-marital portion of the pension was calculated to a 35.772% share of Husband's annuity.  This particular calculation, however, does not appear to be at issue.

the costs of the benefits now in dispute. However, Husband testified that he had successfully contacted his pension processor to ensure that Wife would not receive survivor benefits because he was told the benefit was optional and he wanted to avoid the associated costs. *See* Trial Court Hearing, 6/8/2021, at pp. 30-31, 34-35, 37.

On July 17, 2020, Wife filed a petition seeking to clarify her interests in the pension in the event that she or Husband predeceased the other.[3] At the August 25, 2020 hearing on that petition, Wife's counsel, Husband and the trial court discussed the proposed clarification of the Separation Agreement and the COAP:

> Wife's Counsel: In Paragraph 5 [of the Separation Agreement, it] indicates that ["the] parties agree that marital portion of husband's portion wife is to receive 55 percent interest in the same together with 55 percent of any forthcoming cost of living adjustment. [sic] it is further agreed that wife will have the right to designate survivors as to the benefits which will, however, be her children.["] **Your Honor, the parties agree that in the Court language of division of the marital portion of husband's pension that the Court intended to include survivorship benefits**.
>
> Trial Court: **That is correct**.
>
> Wife's Counsel: Unfortunately under the [COAP] that was prepared and signed by all 2 parties that does refer to the, in **Paragraph 7, does refer to the survivorship benefits but not**

---

[3] There was testimony at the June 8, 2021 hearing that Wife had sought to establish her right to survivorship benefits directly with the federal Office of Personnel Management, which processed Husband's pension payments. She was evidently unsuccessful, prompting her to petition the trial court for clarification of her rights under the Separation Agreement and the COAP.

**in the [Separation Agreement]**. Now, under the pension rules they will not consider any order modifying the original order or clarifying the order in such a way as to establish a new right. It is our position that [under Section 8237 of the administrative Federal Administrative Code A[,] unless the Court order acceptable for processing expressly provides otherwise, the former spouse's share of the employee's pension terminates on the last day of the month before the death of the former spouse and former spouse's share of the employee's annuity reverts back to the retiree. **So what [OPM has] done [is] interpret[] that to mean that since the order, specifically the [Separation Agreement] was silent on the issue of survivorship benefits that it was intent of this court to exclude the spousal portion**.

Trial Court: Even though we talked about it in the [COAP]?

Wife's Counsel: Even though we talked about it in the [COAP]. Their position is the [COAP] does not supersede the [Separation Agreement]. Accordingly, Your Honor, we cannot under the regulations establish a new right, but we're not asking for a new right we're asking for the court to clarify an existing right under the [Separation Agreement], and **we're asking the Court to do so by including the language that it was the intent of the [Separation Agreement] of June 14th under marital portion of husband's pension to expressly preserve wife's [55% interest] in the survivorship benefits**.

Trial Court: Okay. [Husband].

Husband: Yes, sir.

Trial Court: Any thoughts you have or any questions about that or do you take issue with that?

**Husband: From what [Wife's Counsel] has explained to me, sir, all this does is if I die she gets survivorship, which in turn then when she passes will go to my children**.

**Trial Court: That's my understanding**.

**Husband: That's what I had signed previously, correct**?

**Trial Court: Yes**.

> **Husband: What we're doing here today does not in any way change any benefits she's getting per month or anything**?
>
> Trial Court: That's my understanding as well.
>
> Wife's Counsel: It is our understanding.
>
> **Husband: If that's the case, I'm fine with that**.

Trial Court Hearing, 8/25/2020, at pp. 2-4 (emphasis added).

In sum, the parties and the trial court all understood and agreed on August 25, 2020, that it had always intended for the Separation Agreement and the COAP to grant Wife survivorship benefits. Husband stated that this was his intent, and he would agree to the clarification as long as it did not increase Wife's monthly benefit or affect his own pension benefits. *See id*. The parties both wanted to ensure that their children could be designated beneficiaries of the pension in the event that Husband or Wife predeceased the other.

The Separation Agreement was then clarified, with *mutual consent* of the parties, that Wife would receive a survivorship benefit in her share of the pension. The clarification order reads:

> AND NOW, this 25th day of August 2020, by way of clarification of the Order of June 14th, 2019, **it was and remains the Court's intention to establish a right of survivorship as to wife's 55 percent share in the event that husband should predecease her**. That was the Court's intention at the time the original Order was entered. This clarification creates no new rights in any party nor is it intended to modify the intent of the original Order.

Clarification Order, 8/25/2020, at 1 (emphasis added).

Although the parties believed at the time the clarification order was entered that it would have no effect on Husband's pension benefits, his monthly payments decreased by some unspecified amount once the survivorship benefit was implemented. Husband then sought to have the clarification order rescinded because he agreed to recognize Wife's survivorship rights only as long as doing so would result in no additional costs for him.

Husband filed a petition to enforce the Separation Agreement and a hearing was held on June 8, 2021.[4] Initially, the trial court admitted to being "hung up on'" the fact that the clarification order had been entered ten months prior at that point, and "there was no appeal taken here." Trial Court Hearing, 6/8/2021, at p. 6. The trial court also emphasized that both parties had previously accepted the Separation Agreement and the COAP, having been

_____

[4] Husband filed a petition for special relief on April 20, 2021, requesting for the clarification order to be rescinded. The trial court denied relief on May 19, 2021. Then, on May 25, 2021, Husband filed a petition to enforce the Settlement Agreement and for special relief; he also filed a motion for reconsideration of the order denying his April 20, 2021 petition for special relief. On May 27, 2021, the trial court granted Husband's motion for reconsideration and vacated its order denying his earlier motion. The trial court also set the June 8, 2021 hearing on Husband's petition to enforce the Settlement Agreement and for special relief. On June 10, 2021, the trial court entered the order on review, vacating its previous denial of reconsideration and ostensibly granting Husband's request to return the parties to the *status quo* as of the date the Separation Agreement was entered.

aided at the time by counsel, and taking further action seemed inconsistent with "basic principles" of contract law. ***Id.***

Wife's attorney was called to the stand to testify about the clarification order and what he had represented to Husband regarding the effect Wife's survivorship benefit would have on Husband's benefits.[5]  Husband also testified as to the circumstances surrounding his consent to the clarification order.  The testimony of Wife's Counsel and Husband largely coincided, insofar as both stated that Husband was told his pension benefits would not be reduced if Wife were given a survivorship interest.

The trial court agreed with Husband's position and ruled that the clarification order concerning Wife's survivorship rights was entered in error based on "mutual mistakes" and a "scrivener's error."  Trial Court Opinion and Order, 6/10/2021, at 3.  The trial reasoned that, "[i]n retrospect, [Wife] clearly has no survivorship rights in the portion of the pension allocated to [Husband].  None were included in the original order and but for counsel's error and misrepresentation to [Husband], none was ever intended."  Trial Court Opinion, 8/27/2021, at 3 (citations omitted).

---

[5] Husband's attorney alleged fraud on the part of Wife's attorney relating to the circumstances that prompted Husband to consent to the clarification order, but the trial court ruled that there was no evidence of fraud in this regard. ***See*** Trial Court Opinion, 8/27/2021, at 3.

Moreover, the trial court found that the "COAP ultimately signed was prepared . . . in error, for including a survivorship benefit[] which was not ordered or bargained for. A scrivener's error was alleged in the signing of the erroneous COAP." *Id.*

Wife timely appealed, asserting that the original Separation Agreement entitles her to the survivorship benefits now at issue, and that the trial court lacked authority to rescind the clarification order of August 25, 2020, over 30 days after it was entered. Husband, in turn, asserts that the trial court acted properly to correct an error which had resulted in the award of a benefit that Wife was never entitled to under the Separation Agreement or the COAP. According to Husband, the error is apparent on the face of the record, and the trial court's remedial action was necessary to remedy a scrivener's error, lack of a valid contract and fraud.[6]

## II.

The central issue in this appeal is whether the August 25, 2020 clarification order was entered (a) as a result of an error, which (b) may be

_____

[6] Husband has also argued that this appeal should be dismissed because the record does not contain any of the exhibits from relevant hearings, and Wife's brief contains no citations to the certified record. *See* Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed."). Although the quality of the record and the briefing in this case could be better, the parties are essentially disputing the content of documents and court orders that we have before us, allowing this Court to substantively review the merits of Wife's appellate claims – *barely*.

corrected by rescission over 30 days beyond the date of its entry.[7]  If there was no error or mistake on the part of Husband and Wife, then the clarification order would be controlling and Wife must prevail; if there was an error or a mistake did occur, and the error is of the type that may be corrected over 30 days after the fact, then Husband must prevail and the order on review must be affirmed.

Generally, a trial court may, within its discretion, modify or rescind an order within 30 days from the date of its entry.  **See** 42 Pa.C.S. § 5505 (allowing court to rescind or modify an order within 30 days of entry if no appeal from the order has been taken).  "After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, **a fatal defect apparent on the face of the record** or some

---

[7] "The time within which a trial court may grant reconsideration of its orders is a matter of law[.]"  **Estate of Haiko v. McGinley**,  799 A.2d 155, 158 (Pa. Super. 2002).  Similarly, we review a trial court's decision following a non-jury trial for, *inter alia,* an error of law subject to a *de novo* standard of review.  **See McEwing v. Lititz Mut. Ins. Co.,** 77 A.3d 639, 646 (Pa. Super. 2013) (quotation omitted).  A trial court's decision to grant or deny special relief in divorce actions is reviewed under an abuse of discretion standard.  **See Conway v. Conway**, 209 A.3d 367, 371 (Pa. Super. 2019).  "An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will."  **Id.**  (Citation omitted).  It is this Court's responsibility to ensure that the evidence supports the trial court's findings.  **Prol v. Prol**, 935 A.2d 547, 551–52 (Pa.  Super. 2007).

other evidence of extraordinary cause justifying intervention by the court." ***Stockton v. Stockton***, 698 A.2d 1334, 1337 (Pa. Super. 1997) (emphasis added).

"Absent an allegation of extrinsic fraud or other extraordinary cause, the trial court does not have jurisdiction to grant a petition to modify [an order calculating pension benefits] if such petition was filed more than thirty days from the date the [order] was entered." ***Hayward v. Hayward***, 808 A.2d 232, 235 (Pa. Super. 2002). It is well established that the "parties' mutual mistake, misunderstanding about the terms of the agreement, or dissatisfaction with counsel does not empower the lower court to modify [an order allocating pension benefits]." ***Reis v. Reis***, 236 A.3d 1136 (Pa. Super. April 30, 2020) (unpublished memorandum) (citing ***Stockton***, 698 A.2d at 1338).[8]

Here, the trial court granted Husband relief for two related reasons. First, the trial court found that Husband and Wife had made a mutual mistake when they each consented to the COAP and the clarification order entitling Wife to survivorship benefits in Husband's pension. Second, the trial court explained that the clarification order was entered due to a "scrivener's error" in the COAP concerning Wife's pension benefits, awarding her a survivorship

---

[8] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

benefit as to non-marital property. The trial court concluded that it was necessary to rescind the clarification order of August 25, 2020, and modify the COAP of June 19, 2019, to enforce the agreed-upon terms in the original Separation Agreement.

The trial court's first reason for ruling in Husband's favor is an invalid basis for rescission. A court has no authority to rescind an order due to a mutual mistake or misunderstanding as to what would happen after the order is entered. *See Stockton*, 698 A.2d at 1338 ("[A]ppellant's misunderstanding about the terms of the agreement is not sufficient to permit the lower court to open the [order implementing the pension benefits]").

As discussed above, Husband and Wife mutually agreed that Wife would receive a survivorship interest in the pension, but they misunderstood the effect that this benefit would have on Husband's monthly payments. The trial court expressly found, based on record evidence, that this misunderstanding did not arise from fraud. An innocent misunderstanding such as this does not present the type of extraordinary circumstance that would permit the trial court to exercise jurisdiction or modify or rescind orders more than 30 days after their entry. *See id.*; *see also* 42 Pa.C.S. § 5505.

We then turn to the trial court's finding it could exercise jurisdiction to correct a scrivener's error originating in the COAP. This purported error appears to be that the COAP afforded Wife a survivorship benefit as to the non-marital portion of Husband's pension despite that, under the Separation

Agreement, she was only supposed to receive an interest in the marital portion. This asserted defect is difficult, if not impossible, to discern from the face of the record, as would be required to enable the trial court to grant Husband relief under 42 Pa.C.S. § 5505.

The Separation Agreement states that, "Wife will receive a 55% interest in the [marital portion of the pension], together with 55% of any forthcoming costs of living adjustments. It is further agreed that wife will have the right to designate survivors as to her benefits, which will, however, be her children." Separation Agreement, 6/14/2019, at Paragraph 5. The COAP construed that provision as allowing Wife to "continue as beneficiary of Civil Service Retirement System survivor annuity to which she was entitled at the time of Divorce." COAP, 8/6/2019, at Paragraph 7. Apparently, the survivor annuity granted Wife a survivorship interest in the non-marital portion of the pension.

Although the COAP may have arguably afforded Wife a benefit not contemplated in the Separation Agreement, that alone does constitute a "fatal defect apparent on the face of the record." The terms of the COAP itself are clear, and Husband signed the COAP with the benefit of counsel. Later, at the hearing on Wife's petition to clarify her survivorship rights, Husband, Wife and the trial court agreed with the substance of that provision of the COAP, ratifying their intent to grant Wife a survivorship interest in the event that Husband predeceases her. *See* Trial Court Hearing, 8/25/2020, at pp. 2-4.

These circumstances are distinguishable from those in which the trial court has had jurisdiction to modify an implementing order over 30 days after it was entered. For example, in **Hayward**, the wife of a retired military veteran was granted a non-marital share of her husband's pension benefits despite that during the preceding equitable distribution, the wife had only been awarded a share of the marital portion of the pension. 808 A.2d at 234. The implementing order awarding the additional benefit was not signed by the husband, and he petitioned for relief over six years after the date of its entry. **See id.** Husband contended that the implementing order was erroneous on the face of the record because it had utilized an incorrect "coverture fraction,"[9] which resulted in a miscalculation of Wife's pension benefits, granting her an interest in the non-marital portion. **Id.** at 236.

The trial court denied relief upon finding it lacked jurisdiction to remedy the error over 30 days after the implementing order was entered. However, on review, this Court held that the trial court erred because the incorrect use of the coverture fraction was an extraordinary circumstance that warranted relief from the time-bar of 42 Pa.C.S. § 5505. **See id.**; **see also Zehner v. Zehner**, 195 A.3d 574 (Pa. Super. 2018) (same).

_____

[9] "A coverture fraction is used to calculate the marital portion of a pension plan: the denominator of the coverture fraction is the number of months the employee spouse worked to earn the pension benefit and the numerator is the number of such months accrued during the marriage prior to final separation." **Conner v. Conner**, 217 A.3d 301, 317 n.7 (Pa. Super. 2019) (citing 23 Pa.C.S. § 3501(c)).

*Hayward* does not apply here for two reasons. First, unlike in *Hayward*, Husband signed the implementing order (the COAP) he now contends was erroneous on its face, and he ratified the COAP when he agreed to the clarification order over a year later. Second, the error in the present case is not based on a miscalculation of a coverture fraction, but rather on an unintended consequence of agreeing to both Wife's interpretation of the COAP and the subsequent clarification of Wife' survivorship rights.

This Court has recently held in *Reis*, 236 A.3d 1136, that if there is an unintended distribution of pension benefits and the mistake is due to an uninformed decision the parties made rather than a mathematical calculation by a third party, the trial court does not have jurisdiction to modify the implementing order.

The wife in *Reis* petitioned for relief after learning that an implementing order concerning her ex-husband's pension did not award her a share of his early retirement subsidy, reducing her overall benefit to less than the 55% share she had been entitled to under the terms of the divorce decree. The trial court in *Reis* agreed with the wife that the implementing order awarded her less than what the divorce decree had allotted. *Id.* at *4.

The trial court found that it lacked jurisdiction to modify the implementing order because wife had not established fraud or a fatal defect on the face of the record. *Id.* This Court affirmed the trial court on appeal because the circumstance that led to the discrepancy in the implementing

- 15 -

order and the divorce decree – the husband's intervening decision to opt for early retirement – was a possibility the wife was aware of when the implementing order was entered:

> Here, the parties did not use an incorrect coverture fracture [as in **Hayward**], but rather failed to address an issue the parties were aware of at the time they executed the original [implementing order]. Thus, this awareness and subsequent failure to address the issue does not constitute an extraordinary circumstance and is not a fatal defect.

**Id.**; **see also Lemmo v. Lemmo**, (Pa. Super. February 13, 2020) (unpublished memorandum) ("Because we agree with the determination of the trial court it lacked jurisdiction to modify Husband's QDRO, we affirm the order dismissing Husband's petition for special relief.").

Here, the parties mistakenly thought that a survivorship interest for Wife would cause no reduction in Husband's monthly pension payments. This error is rooted in an undesired outcome of agreed-upon language in the COAP and the clarification order, but not in the content of the language itself. As in **Reis**, the trial court lacked jurisdiction to modify or rescind those orders based on mutual mistake and a purported defect that is not evident on the face of the record. Thus, the COAP and the clarification order must be given full effect, and the order on review cannot stand.

June 8, 2021 order vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/16/2022