J-S48013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARK FROG HARRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J. STEVEN BLAKE, D.O. AND BLAKE | : | No. 1263 EDA 2024 |
| GASTROENTEROLOGY, LLC | : | |

Appeal from the Judgment Entered June 4, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 220802706

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JULY 24, 2025**

Appellant, Mark Frog Harris, appeals *pro se* from the June 4, 2024 judgment entered in favor of Appellees, J. Steven Blake, D.O. and Blake Gastroenterology, LLC.  We quash.

In this breach of contract action, Appellant claimed that he contracted with Appellees for liposuction surgery and that Appellees failed to perform in accordance with the contract.  The trial court conducted a non-jury trial on October 10, 2023, and returned a verdict in favor of Appellees and mistakenly entered judgment in favor of Appellees simultaneously with the entry of the verdict.  Appellant filed a notice of appeal on November 3, 2023.  On January 29, 2024, this Court quashed the appeal, reasoning that trial court's entry of judgment was premature.  We remanded with instructions to Appellant to file a post-trial motion within ten days.  Appellant filed a timely motion on

February 7, 2024. Appellees responded, both parties briefed the matter, and the trial court denied post-trial relief by order docketed April 29, 2024. Though judgment was not yet entered, Appellant file a notice of appeal on May 2, 2024, purporting to appeal from the verdict entered October 10, 2023. On May 30, 2024, this Court entered a show cause order directing Appellant to file a praecipe to enter judgment. Appellant complied on June 4, 2024, and we corrected the caption to reflect that Appellant has appealed from the judgment entered on that date.

Appellant's *pro se* brief raises a host of issues regarding the contract in dispute and the trial court's evidentiary rulings. Unfortunately, the brief fails to conform to many of the Rules of Appellate Procedure, and in particular is devoid of citations to supporting legal authority as required under Pa.R.A.P. 2119(b). Failure to support an argument with pertinent legal authority results in waiver, as the lack of a reasoned legal argument hampers our review and it is not this Court's duty to serve as an advocate for an appellant. **Estate of Haiko v. McGinley**, 799 A.2d 155, 161 (Pa. Super. 2002). Appellant's *pro se* status does not excuse his noncompliance with the Rules of Appellate Procedure; this Court will quash or dismiss *pro se* appeals that do not comply with the Rules of Appellate Procedure. **Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa. Super. 2006), *appeal denied*, 918 A.2d 747 (Pa. 2007).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/24/2025